554 A.2d 172

Commonwealth of Pennsylvania, Pennsylvania State Police and Thomas Bohenek, Individually and as Agent for the Commonwealth, Appellants *v.* Francis Robinson, Ann Robinson, his wife, and Alexi Astier, Appellees.

Argued December 12, 1988, before Judges CRAIG and COLINS, and Senior Judge BARBIERI, sitting as a panel of three.

*Stephen E. Geduldig,* Office of Attorney General, Torts Litigation Section, for appellants.

*John J. Brazil, Jr.,* for appellees.

OPINION BY JUDGE CRAIG, February 9, 1989:

The Pennsylvania State Police and State Trooper Thomas Bohenek (petitioners) appeal from an order of the Court of Common Pleas of Dauphin County that denied petitioners' motion for summary judgment. We must determine whether the respondents' cause of action falls within one of the statutory exceptions to the rule of sovereign immunity.[1]

In the early morning hours on a rainy day Trooper Bohenek allegedly stopped his state police car in the left passing lane of Interstate 83 in Dauphin County to investigate an accident. Bohenek was questioning people involved in that accident, in his car, when respondent Francis Robinson, who had been driving his truck on the highway, stopped and asked Bohenek for some road flares. Bohenek opened the trunk of his car from inside so that Robinson could get the flares located in the trunk. While Robinson was standing at the trunk of Bohenek's police car, respondent Alexi Astier, driving his car, struck and injured Robinson. Robinson brought the negligence suit against the petitioners that is the subject of the trial court's summary judgment decision.

Petitioners moved for summary judgment on the ground that Trooper Bohenek and the State Police are immune from suit. The trial court denied the motion for summary judgment, finding that the general bar of immunity from suit that the petitioners enjoy falls in this case under the motor vehicle liability exception to sovereign immunity.[2] Petitioners argue that the trial court

[1] 42 Pa. C. S. §8521 and §8522.
[2] 42 Pa. C. S. §8522(b)(1).

erred in deciding that the respondents' allegations were sufficient to support a claim under the vehicle exception. Respondents contend that the petitioners are not immune, and suggest that Trooper Bohenek's negligent operation of his vehicle falls under the vehicle exception and that Bohenek created a dangerous condition on a Commonwealth highway under the real estate exception to sovereign immunity.[3]

As allowed by Pa. R.A.P. 1311 and 42 Pa. C. S. §702(b), the trial court certified for interlocutory review the question of whether the petitioners are immune from suit. In accordance with our discretionary power to consider the appeal of an interlocutory order, we affirm the trial court's decision for the reasons stated below.

We agree with petitioners' argument that the respondents' claim does not fall within the vehicle liability exception to sovereign immunity. That exception states:

> *Vehicle liability.*—The operation of any motor vehicle in the possession or control of Commonwealth party. As used in this paragraph, 'motor vehicle' means any vehicle which is self-propelled and any attachment thereto, including vehicles operated by rail, through water or in the air.

42 Pa. C. S. §8522(b)(1).

In *Love v. City of Philadelphia*, 518 Pa. 370, 543 A.2d 531 (1988) the Pennsylvania Supreme Court interpreted the word "operation", as used in the vehicle exception, to mean that a vehicle must actually be in motion for the vehicle exception to apply. *Love* involved a plaintiff who sustained injuries while alighting from a parked vehicle.

Respondents suggest that *Love* is distinguishable because this case involves the temporary placement of a vehicle in a traffic lane on a highway. However, *Love* also

---

[3] 42 Pa. C. S. §8522(b)(4).

involved the temporary placement of a vehicle in a lane of a highway, albeit in a curb lane. The Supreme Court's summary of the incident stated:

> Mrs. Love fell while alighting from the van, landing in the street with her feet approximately three feet from the curb line and her back approximately two feet from the portable step which had been placed next to the van.

*Love*, 518 Pa. at 372, 543 A.2d at 531. Thus, the driver in *Love* apparently had not properly parked his van because the plaintiff fell three feet from the curb and two feet from the portable step. Thus, both cases involved placement of a parked vehicle, and, in each case, the placement was one which could be found to have a causal relationship to the injury.

Moreover, the Supreme Court in Love stated "[m]erely preparing to operate a vehicle, or acts taken at the cessation of operating a vehicle are *not* the same as actually operating that vehicle." *Love*, 518 Pa. at 375, 543 A.2d at 533 (emphasis in original).

Accordingly, the trial court erred in concluding that the vehicle exception was necessarily here applicable to divest the Commonwealth of immunity.

Although the respondent here, plaintiff below, has additionally argued that this court could affirm the trial court's decision on the basis of the "dangerous condition of highways" exception to sovereign immunity in 42 Pa. C. S. §8522(b)(4), and although this court may affirm a trial court's decision when the result is correct even though the ground the trial court may have relied upon was incorrect, *Kraiser v. Horsham Township*, 72 Pa. Commonwealth Ct. 16, 445 A.2d 782 (1983), that additional ground for waiving immunity was not part of the question certified here and therefore has not been fully briefed and argued.

The proper action for this court will be simply to vacate the trial court's order on the motion for summary judgment and to remand this case for further proceedings.

## ORDER

NOW, February 9, 1989, the order of the Court of Common Pleas of Dauphin County at 3855 S 1985, dated August 18, 1988, is vacated, and this case is remanded for further proceedings.

Jurisdiction relinquished.