## Sonnenberg v. Erie Metropolitan Transit Authority

*Stephen Tetuan,* for plaintiff.
*William Wagner,* for defendant.

LEVIN, *J.*, February 8, 1990 — Before this court is a motion for summary judgment brought by defendant, Erie Metropolitan Transit Authority.

This action arises out of an incident which occurred on September 24, 1983. Plaintiff alleges that on that date she was a passenger on a bus operated by defendant and as she attempted to disembark the bus's rear door closed upon her due to the driver's action. It is undisputed that the bus was stopped at the time. Plaintiff alleges injuries as a result of this occurrence.

Defendant, EMTA, denies liability and asserts the immunity provisions of the Political Subdivision Tort Claims Act, 42 Pa.C.S. §8541 et seq. There are eight exceptions to the general rule of governmental immunity. Plaintiff attempts to impose liability on EMTA through the application of one such exception. This section, 42 Pa.C.S. §8542(b)(1), reads as follows:

"(b) *Acts which may impose liability* — The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

"(1) *Vehicle liability* — The operation of any motor vehicle in the possession or control of a local agency. As used in this paragraph, 'motor vehicle' means any vehicle which is self-propelled and any attachment thereto, including vehicles operated by rail, through water or in the air."

Exceptions to the rule of governmental immunity must be construed narrowly. *Mascaro v. Youth Study Center*, 514 Pa. 351, 523 A.2d 1118 (1987).

Since this case involves a motion for summary judgment against plaintiff, the court must resolve all factual disputes in favor of plaintiff. Pennsylvania Rule of Civil Procedure 1035(b) provides that summary judgment "shall be rendered if the pleadings,

depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." It is not the court's function to decide issues of fact, but solely to determine whether there is an issue of fact to be tried. *Thorsen v. Iron and Glass Bank,* 328 Pa. Super. 135, 475 A.2d 928 (1984).

Inasmuch as it was established that the bus was stopped at the time of the incident, the sole issue before this court is whether the EMTA bus (and its parts) can be considered to have been in "operation" and/or motion as required to bring the situation within the governmental immunity exception. Plaintiff contends that although the bus was stopped it was operating, for movement of the bus door constituted "operation" of a part of the vehicle or an attachment.

Three cases are controlling on the subject of immunity concerning governmental vehicles, *Love v. City of Philadelphia,* 518 Pa. 370, 543 A.2d 531 (1988); *Commonwealth of Pennsylvania, Pennsylvania State Police v. Robinson,* 123 Pa. Commw. 401, 554 A.2d 172 (1989); and *Gray v. EMTA,* 4 D.&C. 4th 250 (1989). These cases hold that there is governmental immunity unless the vehicle in question is literally *in motion.*

In *Love v. City of Philadelphia, supra,* the plaintiff was injured while disembarking from a city van. The vehicle was stopped at the time of her exit. The Supreme Court of Pennsylvania, in interpreting whether the city had governmental immunity, held:

"As we have illustrated, to operate something means to actually put it in motion. . . . Thus according to the common and approved usage of the word 'operation,' the van was not in operation at the time

of Mrs. Love's accident. Getting into or alighting from a vehicle are merely acts ancillary to actual operation of a vehicle."

.This holding was clarified in *Commonwealth of Pennsylvania, Pennsylvania State Police v. Robinson, supra.* The *Robinson* court made it clear that motion was required for operation, emphasizing:

"Merely preparing to operate a vehicle, or acts taken at the cessation of operating a vehicle are *not* the same as actually operating the vehicle." *Id.* at 404, 554 A.2d at 174, quoting from *Love v. City of Philadelphia,* 518 Pa. at 374, 543 A.2d at 533. (emphasis in original)

This court, in *Gray v. EMTA, supra,* addressed the situation where a plaintiff was struck by a car after alighting from an EMTA bus. EMTA asserted governmental immunity under 42 Pa.C.S. §8541. This court, in interpreting *Love v. City of Philadelphia, supra,* and *Commonwealth v. Robinson, supra,* emphasized that "a vehicle must actually be in motion for the vehicle exception to apply." 4 D.&C. 4th at 253. This court went on to define motion to mean "the action or process of changing position. Thus motion presupposes movement." *Id.* As enunciated by *Love* and *Robinson, supra,* it is the law that a vehicle must actually be in motion, and not just a mechanical part of the same, for the exception to governmental immunity to apply. The witnesses deposed, including plaintiff, consistently testified that the EMTA bus was not moving at the time of the incident.

Plaintiff attempts to distinguish its case from the above holdings on the basis that the other cases involved accidents occurring outside of, and separate and apart from the vehicle, while plaintiff's incident occurred inside.

Plaintiff first contends that the bus door was "an attachment" under the statute, and that the door's movement (while the bus was stopped) constitutes "operation." Neither the statute nor case law define an "attachment" in this context. In interpreting this language the court is mindful that exceptions to the general rule of immunity must be construed narrowly. *Mascaro v. Youth Study Center, supra.*

Words and phrases shall be construed according to the rules of grammar and according to their common and approved usage. 1 Pa.C.S. §1903. The American Heritage Dictionary, (rev. 2d ed. 1985), defines an attachment as "a supplemental part; an accessory." Thus, a bus door is not an attachment, but is analogous to a fixture under real estate law. Black's Law Dictionary, (5th ed. 1979), defines a fixture as "that which is fixed or attached to something permanently as an appendage."[*] A bus door is a necessity for the vehicle to be operational. A city bus is not a functioning whole without a door.

Looking to the precise language of the statute, an "attachment" is not that which is required to be in "operation." The attachment language is used to define motor vehicle as "any vehicle which is self-propelled *and* any attachment thereto." (emphasis supplied) Had the operation of an attachment alone been adequate the word *or* would have been utilized

---

[*] The bus door could be classified as a fixture under the Assembled Economic Unit Doctrine of Fixture Law. Under this doctrine, machinery and equipment which are necessary to the operation of a plant, and placed therein for permanent use, become fixtures irrespective of whether they are physically attached. See Snitzer, E., Pennsylvania Eminent Domain, §603.3 (Supp. 1985). By analogy a bus door is necessary to the operation of a bus and is placed therein for permanent use.

rather than *and*. Operation of only an attachment is inadequate to bring the facts within the purview of 42 Pa.C.S. §8542(b)(1).

Plaintiff's corollary assertion is that even if the door is found not to be an attachment, the movement of the door by a mechanical means constitutes adequate "operation." Motion of the whole vehicle is the sine qua non, not motion of a part of the whole. To follow plaintiff's assertion to its infinite conclusion, a vehicle would be in motion any time the engine was running because some integral internal part would be moving. Under this line of logic, the opening of a car trunk or hood would constitute such motion as to be operation of a vehicle.

Plaintiff further attempts to construe the movement of the doors as operation of the vehicle due to the fact that they are mechanized and in the sole control of the driver. Whether or not the doors are operated mechanically or manually is not relevant to the question at hand. Mere movement of an integral internal part of the vehicle, manually or by machine, while the vehicle is stationary, is not sufficient to apply the narrow exception to governmental immunity.

Admittedly, the facts in *Love* and *Robinson, supra,* are different from the present case; nevertheless, the general pronouncement in *Robinson, supra,* requiring motion would apply to this case. The vehicle liability exception from governmental immunity is such that it applies only where the whole vehicle is in motion.

In conclusion, viewing the facts in a light most favorable to plaintiff, this governmental immunity exception is not applicable to the case at bar and

there exists no genuine issue of material fact. The vehicle was stationary at the time of the incident. The court grants summary judgment in favor of the defendant, EMTA.

## ORDER

And now, February 8, 1990, it is hereby ordered, adjudged and decreed that summary judgment is granted in favor of the defendant EMTA against the plaintiff for the reasons set forth in the opinion filed herewith.