569 A.2d 1047

Charles C. VOGEL and Stella Vogel, h/w

v.

Kenneth LANGER and Southeastern Pennsylvania
Transportation Authority and Raymond Butler.

Appeal of Raymond BULTER, Appellant.

Charles C. VOGEL

v.

Kenneth LANGER and Southeastern Pennsylvania
Transportation Authority and Raymond Butler.

Appeal of Kenneth LANGER, Appellant.

Charles C. VOGEL and Stella Vogel, his wife, Appellants,

v.

Kenneth LANGER and Southeastern Pennsylvania Transpor-
tation Authority and Raymond Butler, Appellees.

Commonwealth Court of Pennsylvania.

Argued Dec. 12, 1989.

Decided Feb. 14, 1990.

Kenneth M. Dubrow, Goldstein, Friedberg, Kelly & DiVito, P.C., Philadelphia, for appellants Charles C. Vogel and Stella Vogel.

Joseph T. Murphy, Jr., John Devlin and Associates, Philadelphia, for appellant, Raymond Butler.

Joseph P. Selfridge, McEldrew, Quinn, Scace and Selfridge, P.C., Philadelphia, for appellant, Kenneth Langer.

Joseph M. Hankins, with him, Kathleen M. Pinto, Duane, Morris & Heckscher, Philadelphia, for appellee, Southeastern Pennsylvania Transp. Authority, for appellee.

Before CRAIG and SMITH, JJ., and BARBIERI, Senior Judge.

CRAIG, Judge.

Raymond Butler, Charles Vogel and Stella Vogel appeal from an order of the Court of Common Pleas of Philadelphia County granting summary judgment in favor of the Southeastern Pennsylvania Transportation Authority (SEPTA).

On May 16, 1985, a car accident occurred at the intersection of Indian Queen Lane and Henry Avenue. Depositions indicate that Raymond Butler and his passenger Charles Vogel were travelling in the left southbound lane of Henry Avenue. Also travelling in a southerly direction in the righthand lane of Henry Avenue was a SEPTA bus being driven by James Boone. As Butler proceeded through the intersection, his car collided with a truck driven by Kenneth Langer. Langer had been travelling in an easterly direction

on Indian Queen Lane and attempting to make a lefthand turn onto Henry Avenue.

At the time of the accident, the SEPTA bus had been stopped in traffic at the intersection. When Langer attempted the lefthand turn, Boone waved him into the intersection, apparently by a hand signal.

The issue in this case is whether the trial court erred in finding that Boone's acts did not constitute operation of the vehicle.

In *Feingold v. Southeastern Pennsylvania Transportation Authority*, 512 Pa. 567, 517 A.2d 1270 (1986), the Pennsylvania Supreme Court concluded that SEPTA is a Commonwealth agency. As a Commonwealth agency, SEPTA enjoys sovereign immunity. However, the motor vehicle exception, set forth in 42 Pa.C.S. § 8522(b)(1) of the Judicial Code, provides that the defense of sovereign immunity shall not be raised to claims for damages caused by:

(1) **Vehicle liability.**—The operation of any motor vehicle in the possession or control of a Commonwealth party. As used in this paragraph, "motor vehicle" means any vehicle which is self-propelled and any attachment thereto, including vehicles operated by rail, through water or in the air.

In *Love v. City of Philadelphia* 518 Pa. 370, 543 A.2d 531 (1988), the plaintiff received injuries while alighting from a parked city van. The Pennsylvania Supreme Court interpreted the word "operation", as used in the vehicle exception, and held that, while a passenger was alighting from a vehicle, the vehicle was not in operation. "Merely preparing to operate a vehicle, or acts taken at the cessation of operating a vehicle are *not* the same as actually operating that vehicle." *Love*, 518 Pa. at 374, 543 A.2d at 533 (emphasis in original).

In *Commonwealth of Pennsylvania, Pennsylvania State Police v. Robinson*, 123 Pa. Commonwealth Ct. 401, 554 A.2d 172 (1989), a car struck the plaintiff while he had been standing behind a parked police car. This court,

following the holding in *Love* found that the police car was not in operation at the time of the accident.

However, both *Love* and *Robinson* involved the placement of a parked vehicle. In this case, Boone did not park the bus. Rather, he applied the brakes and momentarily stopped the bus because of traffic. The operation of a motor vehicle necessarily entails temporary stops.

Additionally, operation of a motor vehicle entails communication with other drivers. A wave, horn beep, or the flashing of lights are common signals exchanged between motorists.

Temporarily stopping a vehicle and waving another motorist into an intersection are acts normally related to the operation of a vehicle. Accordingly, the trial court erred in concluding that the motor vehicle liability exception to the rule of sovereign immunity does not apply in this case.

Therefore, we vacate the trial judge's order on the motion for summary judgment and remand this case to the trial court for further proceedings.

## ORDER

NOW, February 14, 1990, the order of the Court of Common Pleas of Philadelphia County, at No. 0413, dated May 24, 1989, is vacated, and this case is remanded for further proceedings.

Jurisdiction relinquished.