## First National Bank of Pennsylvania v. PennDOT

*Thomas D. Heberle,* for plaintiff.
*John G. Eidenmueller Jr.* and *Robert S. Andrews Jr.,* for defendant PennDOT.

FISCHER, *J.,* May 31, 1991—This matter is before the court upon the motion for summary

judgment of defendant, Commonwealth of Pennsylvania, Department of Transportation. We will grant the motion.

On November 18, 1988, the decedent, Terry M. Babcock, who was then 13 years of age, was a passenger in an automobile being driven by his mother, Dorothy Babcock. Mrs. Babcock was operating her vehicle in a westerly direction on U.S. Route 6 in Union Township, Erie County, Pennsylvania. At approximately 4:15 p.m. as the Babcock vehicle turned onto Shreve Ridge Road, a state highway, it struck the rear end of a PennDOT truck which was parked on or near the right-hand berm of Shreve Ridge Road. Terry Babcock, who was sitting in the right front passenger seat, was fatally injured as a result of the accident.

PennDOT has filed the present motion for summary judgment arguing that plaintiff has failed to set forth a cognizable cause of action against it under common law or within the enumerated exceptions of 42 Pa.C.S. §8522.

In order to overcome the defense of sovereign immunity, a party must establish that his claim against the Commonwealth or one of its agencies is cognizable at common law and demonstrate that it falls within one of the eight exceptions under section 8522(b) of the Sovereign Immunity Act, 42 Pa.C.S. §8521 et seq. At issue in the present case are two exceptions:

"(b) *Acts which may impose liability*—The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:

"(1) *Vehicle liability*—The operation of any motor vehicle in the possession or control of a Commonwealth party. . ..

"(4) *Commonwealth real estate, highways and sidewalks*—A dangerous condition of Commonwealth agency real estate and sidewalks, including Commonwealth-owned property, leaseholds in the possession of a Commonwealth agency and Commonwealth-owned real property leased by a Commonwealth agency to private persons, and highways under the jurisdiction of a Commonwealth agency. . ."

. These exceptions to the general rule of sovereign immunity are to be strictly construed. *Mascaro v. Youth Study Center,* 514 Pa. 351, 523 A.2d 1118 (1987).

In reviewing a motion for summary judgment, the court must resolve all factual disputes in favor of the plaintiff. *Trenco Inc. v. Commonwealth of Pennsylvania, Department of Transportation,* 126 Pa. Commw. 501, 560 A.2d 285 (1989); *allocatur denied,* 575 A.2d 120 (1990). Rule 1035(b) of the Pennsylvania Rules of Civil Procedure provides that summary judgment be granted only where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine issue as, to any material fact and that the moving party is entitled to a judgment as a matter of law."

Plaintiff first argues that the PennDOT truck was in "operation" thereby making the vehicle liability exception applicable. In support of this assertion, they cite the following factors: the truck's bubble light, strobe light and four-way flashers were all on; a PennDOT employee was sitting in the driver's seat; the engine was running; and the deposition

testimony reveals that it was a temporary stop lasting only a few minutes. At issue is whether or not these factors are sufficient to establish that the vehicle was in "operation" within the meaning of this exception. We believe they are not.

Plaintiff cites two recent Commonwealth Court decisions in support of his argument that the PennDOT truck was in "operation": *Sonnenberg v. Erie Metropolitan Transit Authority,* 137 Pa. Commw. 533, 586 A.2d 1026 (1991), and *Vogel v. Langer,* 131 Pa. Commw. 236, 569 A.2d 1047 (1990).

In *Sonnenberg,* a city bus had stopped to discharge a passenger and the passenger was injured as the door suddenly closed, striking her in the back and locking her into a position from which she was unable to free herself. The court held that the act of closing the door was a normal operation of the bus.

In *Vogel,* a city bus was stopped in its lane of traffic when its driver, with a hand signal, waved an adjacent motorist into an intersection resulting in that motorist colliding with another vehicle in the intersection. The court held that a temporary stop in city traffic is normal and to be expected and that the bus, therefore, would be considered in operation at the time.

It should also be noted that in both cases the resulting injuries were caused by the affirmative action of governmental employees. In this case, however, the injuries were caused neither by an affirmative action of a governmental employee nor by the operation of the PennDOT vehicle.

Here, although the PennDOT truck was parked with its motor running and its flashing lights on, there is no allegation that it was the operation of these parts of the vehicle which caused the accident.

There is also no allegation that it was the action of the PennDOT employees which caused the accident.

In *Love v. City of Philadelphia*, 518 Pa. 370, 543 A.2d 531 (1988), the Supreme Court of Pennsylvania held that the vehicle liability exception did not apply to a passenger who was injured as she alighted from a stopped vehicle. The court held that the van was not in "operation" at the time of the accident. Justice McDermott, speaking for the majority, stated:

"In summary, we wish to emphasize that the issue here is not whether one may be tortiously injured entering or alighting from a stopped vehicle. Rather, the issue is the confining question of whether a political subdivision is immunized from suit when one is so injured, notwithstanding what may be the actual tort of their employees. The legislature, for reasons of policy, reasons we are not entitled to dilute for sympathy or even outrage at specific instances of blatant tort, has decided that such an immunity does exist, and we must abide, sometimes leaving dreadful injuries, negligently inflicted, uncompensated.

"The juridicial concept that where there is a wrong there must be a right often depends on the wisdom and large responsibility of the legislature. What rights for what wrongs are generally their prerogative and apportioned in the exercise of their many responsibilities and competing needs. Their task, like ours, is never easy. However, it is our duty to respect and enforce their judgment, even with heavy hearts in particular instances." *Love, supra.* (citation omitted)

Here, plaintiff was not injured as a result of the movement of the PennDOT truck or from the move-

ment of. a part of the truck. We must therefore conclude that the vehicle was not in "operation" as that term is used under the vehicle liability exception to the Sovereign Immunity Act and plaintiff has failed to state a cause of action on this ground.

Plaintiff's next argues that the Commonwealth real estate exception provided by section 8522(b)(4) is applicable since the PennDOT truck was parked partially on Shreve Ridge Road. We disagree.

Under this section the Commonwealth may be liable for injuries caused by a dangerous condition of Commonwealth real estate, including state highways. This exception must be narrowly construed, however:

"[S]overeign immunity is waived pursuant to 42 Pa.C.S. §8522(b)(4), where it is alleged that the artificial condition or defect of the land itself causes an injury to occur. The corresponding duty of care a Commonwealth agency owes to those using its real estate, is such as to require that the condition of the property is safe for the activities for which it is regularly used, intended to be used or reasonably foreseen to be used." *Snyder v. Harmon,* 522 Pa. 424, 562 A.2d 307 (1989).

Plaintiff here argues that the artificial and dangerous condition in the present case was created by PennDOT when they failed to park the truck completely off the highway and by negligently failing to utilize emergency signals to notify oncoming traffic of this particular hazard. In support of this position they cite a decision from Dauphin County, *McCalmont v. Pa. Turnpike Commission,* 50 D.&C. 3d (1988), in which the lower court held that the "failure to use lane-separation devices can constitute a dangerous condition."

We find that *McCalmont* is inappropriate to this case in several respects: first, the *Snyder* case, *supra,* upon which the court relied was subsequently reversed by the Supreme Court after the lower court had entered its decision; second, *McCalmont* dealt with an actual alteration of the highway and traffic patterns by PennDOT with both the northbound and southbound traffic sharing one lane of travel.

Here, even accepting plaintiff's assertion that the PennDOT truck was not completely off the roadway, this alone would not bring this case within the Commonwealth real estate exception as there is no evidence that the condition of the highway *itself* created or caused the accident.

In *Pennsylvania State Police v. Robinson,* 123 Pa. Commw. 401, 554 A.2d 172 (1989), a state police trooper stopped his police car in the left passing lane of a state highway to investigate an accident. A motorist asked the trooper for some road flares and the trooper opened the trunk of his car from inside so that the motorist could get the flares located in the trunk. As the motorist was standing at the rear of the trooper's police car removing the flares another motorist struck and injured him. The court held that the temporary placement of a government vehicle *in a traffic lane* on a highway did not divest the Commonwealth of immunity.

Plaintiff here admits that this tragedy resulted from her being blinded by the sun which was directly in front of her as she turned onto Shreve Ridge Road and that she never saw the PennDOT vehicle prior to striking it.

Therefore, we find that plaintiff has not established a cause of action against PennDOT under the

real estate exception to section 8522(b)(4). Accordingly, defendant's motion for summary judgment is granted.

## ORDER

May 31, 1991: For the reasons set forth in the accompanying opinion, the motion for summary judgment of defendant, Commonwealth of Pennsylvania, Department of Transportation, is granted.