609 A.2d 911

**THE FIRST NATIONAL BANK OF PENNSYLVANIA,**
Substitute Administrator of the Estate of Terry B.
Babcock, Deceased, Appellant,

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF
TRANSPORTATION and Dorothy Babcock, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Feb. 3, 1992.

Decided May 21, 1992.

Petition for Allowance of Appeal
Denied Oct. 6, 1992.

Thomas D. Heberle, Erie, for appellant.

John G. Eidemueller, Jr., Deputy Atty. Gen., for appellees.

Before PALLADINO and KELLEY, JJ., and SILVESTRI, Senior Judge.

PALLADINO, Judge.

The First National Bank of Pennsylvania (Appellant), substitute administrator of the estate of Terry Babcock (Decedent), appeals from an order of the Court of Common Pleas of Erie County (trial court) which granted summary judgment in favor of the Department of Transportation (DOT). We affirm.

On November 18, 1988 at approximately 4:00 p.m., Dorothy Babcock and her son, Decedent, were travelling in a westerly direction on Shreve Ridge Road in Erie County when their car collided with a DOT vehicle which was parked on or near the right-hand berm of Shreve Ridge Road. The DOT vehicle was parked along Shreve Ridge Road because DOT employees intended to place delineators on State Route 6 which is adjacent to Shreve Ridge Road. Decedent was fatally injured as a result of the collision.

On June 1, 1989, Dorothy Babcock, as administratrix of the estate of Decedent, brought a wrongful death and a survivor's action against DOT, alleging that the negligence of DOT was the direct and proximate cause of Decedent's fatal injuries. DOT filed an answer and new matter asserting sovereign immunity under Section 8522 of the Judicial Code, 42 Pa.C.S. § 8522.

On September 11, 1989, Dorothy Babcock was removed by court order as administratrix and was replaced by Appellant. DOT filed a complaint to join Dorothy Babcock as additional defendant, asserting that her negligence was the direct and proximate cause of Decedent's fatal injuries.[1]

On April 5, 1991, DOT filed a motion for summary judgment, contending that the allegations against DOT failed to present cognizable claims within the exceptions to sovereign immunity, specifically the motor vehicle exception, 42 Pa.C.S. § 8522(b)(1), and the real estate exception, 42 Pa.C.S. § 8522(b)(4). The trial court granted summary judgment in favor of DOT.

1. The action against Dorothy Babcock was settled on April 5, 1989 by court order.

The trial court held that although the DOT vehicle "was parked with its motor running and its flashing lights on, there is no allegation that it was the operation of these parts of the vehicle which *caused* the accident." Trial Court Op. at 4 (emphasis in original). The trial court also held that "there is no evidence that the condition of the highway *itself* created or caused the accident." Trial Court Op. at 7 (emphasis in original).

On appeal by Appellant to this court, the issue raised is whether the trial court erred by granting summary judgment to DOT because Appellant failed to show that DOT was liable under either the motor vehicle exception or the real estate exception to sovereign immunity. Our scope of review on appeal from the grant of summary judgment is limited to determining whether the trial court has committed an error of law or a manifest abuse of discretion. *Bruce v. Department of Transportation,* 138 Pa.Commonwealth Ct. 187, 588 A.2d 974 (1991). A trial court may properly grant summary judgment when the moving party has established that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Bruce.*

The motor vehicle exception and the real estate exception must both be strictly construed because the legislature intended to exempt the Commonwealth from immunity only in specifically defined situations. *Snyder v. Harmon,* 522 Pa. 424, 562 A.2d 307 (1989). The motor vehicle exception to sovereign immunity applies only where damages are caused by the "operation of any motor vehicle in the possession or control of a Commonwealth party." 42 Pa.C.S. § 8522(b)(1). Appellant contends that DOT is liable under the motor vehicle exception to sovereign immunity because the DOT vehicle was in operation at the time of the collision. Appellant argues that: 1) a DOT employee was sitting in the driver's seat with the keys in the ignition and the motor running, 2) two other DOT employees were in the bed of the vehicle getting delineators to install at the scene, 3) the DOT vehicle was only making a temporary stop in order to place the delineators at the scene, and 4) the bubble light on the cab of the vehicle was

activated and turning, and the front and back flashers were blinking on and off. It is Appellant's position that the foregoing demonstrate that DOT's vehicle was in operation at the time of the collision.

Appellant relies on the cases of *Sonnenberg v. Erie Metropolitan Transit Authority,* 137 Pa.Commonwealth Ct. 533, 586 A.2d 1026 (1991) and *Vogel v. Langer,* 131 Pa.Commonwealth Ct. 236, 569 A.2d 1047 (1990), arguing that although the DOT vehicle was not moving when the collision occurred, the two above-cited cases hold that the entire vehicle need not be in use in order to establish "operation" for purposes of the motor vehicle exception.

In *Sonnenberg,* the plaintiff was injured when the doors at the rear of a bus, which had stopped, closed on him as he was exiting the bus. This court in *Sonnenberg* held that "[t]he movement of parts of a vehicle, or an attachment to a vehicle, is sufficient to constitute 'operation.'" *Id.,* 137 Pa.Commonwealth Ct. at 537, 586 A.2d at 1028. This court further held that the trial court erred in not applying the motor vehicle exception, despite the fact that the vehicle was temporarily stopped, because the plaintiff's injuries were directly caused by a moving part of the vehicle in question. However, in the present case, no part of DOT's vehicle caused Decedent's fatal injuries. The fatal injuries resulted when the operator of the vehicle in which Decedent was a passenger rear ended DOT's truck.

In *Vogel,* a bus driver stopped his bus in an intersection and waved another motorist into the intersection, whereupon the motorist collided with a third vehicle. This court held in *Vogel* that the trial court erred in not applying the motor vehicle exception because a momentary stop of a vehicle as a result of traffic, and waving another motorist into an intersection, are acts normally related to the operation of a vehicle. *Vogel* is distinguishable from the present case because in the present case, the DOT vehicle was not momentarily stopped in traffic, but was parked on the side of the road.

The present case is similar to the cases of *Love v. City of*

*Philadelphia*, 518 Pa. 370, 543 A.2d 531 (1988) [2] and *Pennsylvania State Police v. Robinson*, 123 Pa. Commonwealth Ct. 401, 554 A.2d 172 (1989), both of which involved parked vehicles. In both *Love* and *Robinson*, the location of the parked vehicles could have been found to have a causal relationship to the injury. *Robinson*. However, in both cases, this court held that vehicles temporarily parked on the roadway did not constitute "operation" for purposes of the motor vehicle exception.

In *Love*, the plaintiff received injuries while alighting from a city van parked at a curb. The Pennsylvania Supreme Court in this case defined the word "operation," as used in the motor vehicle exception, to mean actual motion of the vehicle. The supreme court added that mere preparation to operate the vehicle or acts taken at the cessation of operation of the vehicle do not constitute actual operation of that vehicle. In *Robinson*, a state police car, which had been temporarily parked in the left passing lane of a highway by a state trooper investigating an accident, was held not to be in operation.

In the present case, the DOT vehicle was temporarily parked on the side of the road because DOT employees intended to place delineators on an adjacent highway. The DOT vehicle was not temporarily stopped in traffic. Moreover, Decedent's injuries were not caused by any moving part of the DOT vehicle. Therefore, the DOT vehicle was not in operation for purposes of imposing liability on DOT under the motor vehicle exception to sovereign immunity.

 As to the real estate exception, Appellant argues that the DOT vehicle, which Appellant alleges was parked partially on the roadway without sufficient warning signs or signals, created an artificial and dangerous condition of the roadway so as to fall within the real estate exception to sovereign immunity. The real estate exception provides that liability may be imposed on the Commonwealth for damages

2. Although *Love* involved the motor vehicle exception under Section 8542(b)(1) of the Judicial Code, 42 Pa.C.S. § 8542(b)(1) (exceptions to *governmental* immunity), the governmental and sovereign immunity exceptions are to be given a similar construction. *Snyder.*

caused by "[a] dangerous condition *of* Commonwealth agency real estate ..., including ... highways under the jurisdiction of a Commonwealth agency...." 42 Pa.C.S. § 8522(b)(4) (emphasis added). This "unambiguous language ... indicate[s] that a dangerous condition must derive, originate from or have as its source the Commonwealth realty." *Snyder,* 522 Pa. at 433, 562 A.2d at 311.

In the present case, the DOT vehicle, even if it was partially parked on the roadway as Appellant alleges, was not an integral part of the roadway itself. *See Snyder.* The DOT vehicle was not affixed to the roadway so as to be a condition *of* the roadway. *See Giosa v. Penrose School District of Philadelphia,* 127 Pa.Commonwealth Ct. 537, 562 A.2d 411 (1989). Rather, the DOT vehicle was merely a condition *on* the roadway and, as such, does not fall within the real estate exception.

Accordingly, the trial court's order granting summary judgment is affirmed.

## ORDER

AND NOW, May 21, 1992, the order of the Court of Common Pleas of Erie County in the above-captioned matter is affirmed.