**Vernon WHITE, a minor by his natural guardian, Louise PEARSALL and Louise Pearsall in her own right, Appellant,**

v.

**THE SCHOOL DISTRICT OF PHILADELPHIA.**

Commonwealth Court of Pennsylvania.

Argued Oct. 10, 1996.

Decided Dec. 6, 1996.

Reargument Denied Jan. 28, 1997.

Jeffrey B. Solomon, Philadelphia, for appellant.

Ireena Broadus, Philadelphia, for appellee.

Before SMITH and LEADBETTER, JJ., and LORD, Senior Judge.

LEADBETTER, Judge.

Louise Pearsall, on behalf of her minor child, Vernon White, and in her own right, appeals from an order of the Court of Common Pleas of Philadelphia County, which granted summary judgment based on governmental immunity in a motor vehicle accident case.

On January 23, 1992, Vernon White exited a school bus on his way home from school. He walked around to the front of the bus and looked to the bus driver before crossing the street. The driver waived to White, directing him to cross the two-way street. While following this instruction, the child was struck by an uninsured motorist and sustained multiple injuries.

Appellant brought a civil action against the School District of Philadelphia on behalf of Vernon White for damages and uninsured motorist benefits. The school district filed a motion for summary judgment on the basis of governmental immunity. The lower court, in granting the district's motion, cited *Love v. City of Philadelphia,* 518 Pa. 370, 543 A.2d 531 (1988), and held that, "[b]ecause there is no dispute that the bus was stopped, and that the plaintiff was not on the bus at the time of his injury, the defendant has sovereign immunity."[1] (Opinion, Cohen, J., May 15, 1996). This appeal followed.

---

**1.** We note that although the lower court refers to "sovereign immunity," as do the parties in certain instances, the school district is a municipal entity, to which governmental, not sovereign, im-

Under section 8541 of the Judicial Code, commonly known as the Political Subdivision Tort Claims Act (Tort Claims Act), 42 Pa. C.S. § 8541, local agencies are generally immune from tort liability with certain specific exceptions, including "[t]he operation of any motor vehicle in the possession or control of the local agency ..." 42 Pa.C.S. § 8542(b)(1).

In *Love,* our supreme court held that a driver's assistance to an elderly woman alighting from a parked city-owned van did not constitute "operation of a motor vehicle," and thus, the city was immune. Similarly, this court held, in *Pennsylvania State Police v. Robinson,* 123 Pa.Cmwlth. 401, 554 A.2d 172 (1989), that a parked state police car was not in operation when another car struck the plaintiff while he was standing behind the police car. *Id.* 554 A.2d at 174.

However, in *Vogel v. Langer,* 131 Pa. Cmwlth. 236, 569 A.2d 1047 (1990), we held that temporarily stopping a vehicle and waving another motorist into an intersection were acts normally related to the operation of a vehicle. We distinguished *Love* and *Robinson* on the basis that they involved parked vehicles, whereas the SEPTA bus in *Vogel* was temporarily stopped at an intersection. We noted that the operation of a motor vehicle necessarily entails momentary stops and communicating with other drivers. "A wave, horn beep, or the flashing of lights are common signals exchanged between motorists." *Id.* 569 A.2d at 1048. Therefore, sovereign immunity did not apply. Appellant contends that this case is directly controlled by *Vogel.* We agree. Here, the bus driver waved on a pedestrian as opposed to another motorist, but we find this to be a distinction without a difference.

Accordingly, we vacate the grant of summary judgment and remand this case to the trial court for further proceedings.

#### ORDER

AND NOW, this 6th day of December, 1996, the order of the Court of Common Pleas of Philadelphia County granting summary judgment is hereby reversed and the case is remanded to that court for further proceedings.

Jurisdiction relinquished.

munity applies. However, the motor vehicle exception in the Tort Claims Act is identical to its counterpart in the Sovereign Immunity Act, codified at Section 8521 of the Judicial Code, 42 Pa.C.S. § 8521. Thus, a judicial opinion interpreting the exception in one act is fully applicable to the other.