Helen M. BEITLER

v.

CITY OF PHILADELPHIA and Mazda
Motors of America, Inc. and Don Ro-
sen Cadillac Co. and Juan M. Roldan.

City of Philadelphia, Appellant.

Helen M. Beitler, Appellant,

v.

City of Philadelphia and Mazda Motors
of America Inc. and Don Rosen Cad-
illac Co., d/b/a Don Rosen Mazda and
Juan M. Roldan.

Commonwealth Court of Pennsylvania.

Argued May 18, 1999.
Decided Sept. 2, 1999.

Alan C. Ostrow, Philadelphia, for appel-
lant.

Lynn M. Martosella, Philadelphia, for
appellee.

David S. Cohen, Philadelphia, for appel-
lee.

Before SMITH, J., PELLEGRINI, J., and RODGERS, Senior Judge.

SMITH, Judge.

In these consolidated cases the City of Philadelphia (City) appeals at No. 2591 C.D.1998 from the entry of judgment in favor of Helen M. Beitler following the order of the Court of Common Pleas of Philadelphia County granting summary judgment in favor of Beitler and against the City. Beitler's action against the City and other defendants arose from an incident in which Beitler was injured when the car she was driving struck a City police car that was stopped in the left lane on the westbound side of the Schuylkill Expressway. Officer Alvin Dill had stopped his car there and left it with its motor running and its roof lights activated while he went over the median to assist Juan M. Roldan, whose car had broken down and was stopped in the left lane of the eastbound side of the expressway.

Beitler appeals at No. 2719 C.D.1998 from the trial court's order sustaining the preliminary objections of Roldan and dismissing the complaint as to him on the grounds that any negligence on his part was too remotely connected to constitute legal proximate cause for Beitler's injuries. She appeals at No. 2720 C.D.1998 from the trial court's order dismissing Beitler's complaint as to Don Rosen Cadillac Co. d/b/a/ Don Rosen Mazda (Don Rosen) based upon its motion for judgment on the pleadings. Beitler asserted that Don Rosen failed to warn her that the model of car that she purchased was not as safe as all other models available from the manufacturer that year because it did not have an airbag.[1]

I

■ The City in its appeal questions whether the trial court erred by holding that a claim involving an allegedly negligently parked vehicle falls within the "vehicle exception" to governmental immunity. Section 8542(b)(1) of the Judicial Code, 42 Pa.C.S. § 8542(b)(1), provides an exception to the general grant of immunity to local agencies in Section 8541, 42 Pa. C.S. § 8541, for acts involving the "operation of any motor vehicle in the possession or control of the local agency...." As the trial court noted, the Supreme Court endorsed a narrow interpretation of the vehicle exception in *Love v. City of Philadelphia*, 518 Pa. 370, 543 A.2d 531 (1988), where an elderly passenger fell while exiting a City-owned van and alleged misplacement of the steps used for egress. The court indicated that "to operate something means to actually put it in motion. Merely preparing to operate a vehicle, or acts taken at the cessation of operating a vehicle are *not* the same as actually operating that vehicle." *Love*, 518 Pa. at 375, 543 A.2d at 533. Here the trial court concluded, however, that later decisions signaled a more expansive interpretation of "operation" of a motor vehicle.

The City argues that the Supreme Court's recent analysis of the vehicle exception in *White by Pearsall v. School District of Philadelphia*, 553 Pa. 214, 718 A.2d 778 (1998), among other decisions, prohibits application of the vehicle exception in the present case. In *White* a school bus driver motioned to a student dropped off at an intersection to cross the street in front of the bus, and a car traveling to the left of the bus hit and carried and seriously

---

1. The trial court also granted preliminary objections filed by Mazda Motors of America, (Mazda) and dismissed the complaint as to it, accepting Mazda's contention that any question of whether the 1994 model at issue here was defective and dangerous for lack of airbags was pre-empted. As Mazda notes, no party appealed to this Court from that order, and the other parties filed a stipulation with this Court stating that they do not contest it. Therefore, Mazda is not involved here.

This Court's review of the trial court's grant of summary judgment is to determine whether the court committed an error of law or an abuse of discretion. *First National Bank of Pennsylvania v. Department of Transportation*, 148 Pa.Cmwlth. 158, 609 A.2d 911 (1992).

injured the child. On the basis of *Vogel v. Langer,* 131 Pa.Cmwlth. 236, 569 A.2d 1047 (1990), this Court reversed the trial court's application of immunity. In *Vogel* a bus driver's actions of applying the brakes and stopping momentarily in traffic (as opposed to parking) and communicating with another driver by waving a car into an intersection were held to be aspects of "operation" of his vehicle. The Supreme Court reversed in *White,* concluding that *Vogel* was not applicable to the circumstances in that case. The court determined that the driver's actions in *White* were in the nature of supervision of the students in his charge, whom the driver was supposed to deliver safely to their doorsteps, rather than an aspect of operation of the bus.

The City argues further that this Court rejected the identical argument that was accepted by the trial court here in *Merz by Merz v. City of Philadelphia,* 719 A.2d 1131 (Pa.Cmwlth.1998). There a motorist crested a rise in the road and hit a City-owned vehicle that was disabled, unoccupied and stopped on the roadway. This Court concluded that the City was immune, emphasizing the lack of movement of the disabled vehicle. Further, in *Commonwealth, Pennsylvania State Police v. Robinson,* 123 Pa.Cmwlth. 401, 554 A.2d 172 (1989), and *First National Bank of Pennsylvania v. Commonwealth, Department of Transportation,* 148 Pa.Cmwlth. 158, 609 A.2d 911 (1992), the Court concluded that vehicles stopped on the roadway with their engines running were not in operation for purposes of the vehicle exception.[2]

Beitler first notes that the stipulation to which she and the City agreed in advance of their motions for summary judgment does not state that Officer Dill's police car was "parked" at the time of the accident. Citing *Vogel* she argues that neither the

entire vehicle nor any part of it necessarily must be in motion so long as its status is that of operation. She notes that the Supreme Court in *Mickle v. City of Philadelphia,* 550 Pa. 539, 707 A.2d 1124 (1998), held that the language of Section 8541(a)(2), 42 Pa.C.S. § 8541(a)(2), "negligent acts of the local agency ... with respect to" operation of motor vehicles, encompasses more than the act of driving. She asserts that Officer Dill's stopping his police car in the left lane of the expressway was an act "with respect to" the operation of a motor vehicle. Beitler contends that *White* does not apply because it is a "driver signal" case.

The Court agrees with the City that *White* and applicable decisions from this Court require a conclusion that the vehicle exception to governmental immunity does not apply here. The rationale of *White* was that the activity in which the school bus driver was engaged when he committed the acts that formed the basis for the complaint was in the nature of supervision of school children rather than operation of a vehicle. In *Vogel,* by contrast, the bus driver's stopping momentarily in traffic and signaling to another vehicle to enter an intersection were actions normally associated with operation of the bus.

In *Robinson,* which is factually very similar to the present case, a state trooper stopped his vehicle in the left lane to investigate an accident. He spoke to witnesses without leaving his vehicle, and he opened the trunk from inside so that a person who requested flares could get them. Another motorist came along in that lane and hit the person who was by the trunk. Even though the officer in *Robinson* had not left his vehicle, this Court concluded that his temporary stop on the roadway fell within the *Love* analysis and did not constitute operation of the vehicle. In the present case, Officer Dill stopped his vehicle tem-

---

**2.** Although *Robinson* and *First National Bank* involved the vehicle exception to sovereign immunity, Section 8522(b)(1) of the Judicial Code, 42 Pa.C.S. § 8522(b)(1), that and Section 8542(b)(1) are to be interpreted consistently, as they deal with indistinguishable subject matter. *Finn v. City of Philadelphia,* 541 Pa. 596, 664 A.2d 1342 (1995).

porarily, to be sure, but also indefinitely. The officer was not momentarily stopped in traffic as a natural part of driving as was the case in *Vogel;* rather, he temporarily stopped his vehicle on the roadway while he engaged in the police work of assisting a motorist in trouble, which is an activity distinct from operation of the officer's vehicle. Therefore, under *White* and *Robinson,* the vehicle exception does not apply.

## II

Beitler argues that the trial court erred in sustaining Roldan's preliminary objections on the grounds that his negligence, if any, was too remote a cause of Beitler's injuries and was superseded by the negligent conduct of Officer Dill. She notes first that in reviewing an order granting preliminary objections in the nature of a demurrer and dismissing an action, the Court must accept as true all well-pled, material facts and reasonable inferences therefrom. *Factor v. Goode,* 149 Pa.Cmwlth. 81, 612 A.2d 591 (1992). Because sustaining preliminary objections results in dismissal, a demurrer should be sustained only in cases that are clear and free from doubt. *Id.*

The trial court, citing *Amarhanov v. Fassel,* 442 Pa.Super. 111, 658 A.2d 808 (1995), stated that legal proximate cause sufficient to establish liability, as distinct from causation in fact, is generally a question of law; when the harm that results appears to the court to be a remote and highly extraordinary consequence of the conduct complained of, legal causation will not be found and liability will not attach. Noting that this principle is essentially one of foreseeability, the trial court concluded that it was not reasonably foreseeable that any negligence by Roldan would result in a collision with a stopped police vehicle in the westbound lane. Citing *Corbett v. Weisband,* 380 Pa.Super. 292, 551 A.2d 1059 (1988), the court concluded that the actions of Officer Dill constituted a superseding cause.

Beitler refers to Section 447 of the Restatement (Second) of Torts for an analysis of the law as to negligent intervening acts and states that the issues become whether the actor (Roldan) should have realized that a third party might act in a particular manner; whether a reasonable person would regard the third-party act as highly extraordinary; and whether the intervening act is a normal consequence of the situation created by the actor and the manner in which the act was carried out was not extraordinarily negligent. She also cites *Estate of Flickinger v. Ritsky,* 452 Pa. 69, 305 A.2d 40 (1973), for the proposition that if there is room under undisputed facts for reasonable differences of opinion as to whether the foreseeability of a third party's act or its negligent character should relieve the original actor of liability, the question should be left to the jury. Roldan responds first that the causal chain between his car's losing power and stopping on the eastbound side of the expressway and harm to Beitler on the westbound side is too remote. Roldan asserts also that the conduct of Officer Dill constitutes a superseding cause under the standard adopted in *Corbett,* because one could not reasonably be expected to foresee that he would stop a police vehicle in the roadway on the other side of the highway in order to assist Roldan, rendering the officer's conduct highly extraordinary. This Court agrees and concludes that the trial court did not err on this point.

Beitler's action against Don Rosen for alleged failure to warn was dismissed on Don Rosen's motion for judgment on the pleadings. The standard of review of a dismissal is plenary: the reviewing court must decide whether the trial court committed an error of law or whether the pleadings disclosed facts which should go before a jury. *Consulting Engineers, Inc. v. INA,* 710 A.2d 82 (Pa.Super.1998). The trial court noted that federal requirements permitted vehicles manufactured before September 1, 1996 to use as a passive restraint system

either airbags or an automatic seat belt, which was the system on Beitler's vehicle. Because the vehicle sold to her complied with federal law, it was not inherently dangerous. Beitler asserts that she does not claim any violation of federal safety requirements but rather a claim of defect under the "failure to warn" provision of Section 402A of the Restatement (Second) of Torts, which provides for strict liability if a seller fails to warn a buyer that a product is inherently unsafe and cannot be made safe without altering its nature.

Don Rosen responds by detailing the applicable federal requirements with which the Mazda Protege and its sale to Beitler complied and notes the clear law that "no airbag" claims in tort have been preempted. *Cellucci v. General Motors Corp.*, 550 Pa. 407, 706 A.2d 806 (1998). It describes Beitler's failure to warn theory as an attempt to circumvent this preemption, which was rejected in *Pak v. Chrysler Motors Corp.*, No. CIV.A.90–3447, 1990 WL 198821 (E.D.Pa. Dec. 3, 1990) (memorandum opinion) (district court held that establishment of common law liability upon auto manufacturer based upon failure to warn would undermine federal statutory and regulatory scheme implemented by the department of transportation). This Court agrees with the trial court and Don Rosen. Beitler's Section 402A Restatement argument rests on a claim that a passenger car sold in 1994 without an airbag was inherently unsafe so as to trigger the duty to warn. As noted, however, compliance with preemptive federal requirements precludes such a determination. Accordingly, the Court reverses the trial court's grant of summary judgment in favor of Beitler and vacates the entry of judgment in her favor. The Court affirms the trial court's orders dismissing Beitler's complaint with prejudice as to Roldan and Don Rosen.

### ORDER

AND NOW, this 2nd day of September, 1999, the order of the Court of Common Pleas of Philadelphia County granting summary judgment in favor of Helen M. Beitler and against the City of Philadelphia is reversed, and the parties' entry of judgment for an agreed upon amount of damages is vacated. The orders of the trial court sustaining preliminary objections of Juan M. Roldan and dismissing the complaint as to him and dismissing the complaint as to Don Rosen Cadillac, Inc. d/b/a Don Rosen Mazda are affirmed.