CHIEF JUSTICE SAYLOR, Dissenting
The majority opinion appears to accept that the uncontrolled movement of a driverless vehicle stricken from behind is not "operation of a motor vehicle" under the governing precedent in Love v. City of Philadelphia , 518 Pa. 370, 543 A.2d 531 (1988). Nevertheless, favoring the rationale of the Love dissent and its close cousin in Warrick v. Pro Cor Ambulance, Inc. , 559 Pa. 44, 45-49, 739 A.2d 127, 127-29 (1999) (Newman, J., dissenting), the majority proceeds to overrule Love on the basis that "for the General Assembly to have intended the abrogation of governmental immunity based on the random factor of motion is an absurd or unreasonable result." Majority Opinion, at 810.
In Love , this Court implemented its duty to narrowly construe exceptions to sovereign immunity by adopting a construction of the word "operation" connoting actual operation, i.e. , movement of the vehicle under the direction of an operator. See id. at 374-75, 543 A.2d at 532-33.[1] Significantly, the General Assembly amended the motor vehicle exception in 1995 but did not provide further guidance concerning the definition of operation; accordingly, the Legislature signaled its approval of the Love Court's construction. See 1 Pa.C.S. § 1922(4) ; Hunt v. PSP , 603 Pa. 156, 173, 983 A.2d 627, 637 (2009) (reiterating that, when the General Assembly revisits a statutory provision, but does not amend it contrary to this Court's prior interpretation, it signifies its satisfaction with the prevailing construction).
Furthermore, other jurisdictions applying the rule of strict construction have held that "operation" encompasses activities that are directly associated with driving a motor vehicle. See, e.g. , Chandler v. County of Muskegon , 467 Mich. 315, 652 N.W.2d 224, 228 (2002) ("[T]he common usage of the term 'operation' refers to the ordinary use of the vehicle as a motor vehicle, namely, driving the vehicle." (emphasis in original) );
*816 Texas Juv. Justice Dep't v. PHI, Inc., 537 S.W.3d 707, 716 (Tex. Ct. App. 2017) (applying the concept of "active operation" in connection with strict construction of an immunity statute (emphasis in original) ). I do not regard their jurisprudence as being absurd and unreasonable. Rather, I find that it derives rationally and directly from an accustomed understanding of the notion of "operation" and application of the requirement of narrow construction.
Nor do I deem the ostensible tension between Mickle and Love , see Majority Opinion, at 806-07, to be material. There will always be accretions and observable inconsistencies in this Court's decisions, as they are often a product of shifting majorities formed amongst fundamentally different approaches expressed with deep conviction. The primary stabilizing influence is the doctrine of stare decisis , which is the principle upon which I rely here. In this regard, I simply do not agree that binding precedent should be overturned based on the majority's bare assertion that the Love Court's definition "has impeded the development of consistent and logical case law," Majority Opinion, at 808. See generally Hunt , 603 Pa. at 174, 983 A.2d at 637-38 ("[F]or purposes of stability and predictability that are essential to the rule of law, the forceful inclination of courts should favor adherence to the general rule of abiding by that which has been settled. Moreover, stare decisis has 'special force' in matters of statutory, as opposed to constitutional, construction, because in the statutory arena the legislative body is free to correct any errant interpretation of its intentions[.]" (citation omitted) ).
To me, it is not so much Love , per se , that seems to be in issue, but rather, the underlying precept that exceptions to sovereign and governmental immunity are to be narrowly construed. See Mascaro v. Youth Study Center , 514 Pa. 351, 361, 523 A.2d 1118, 1123 (1987) ; Snyder v. Harmon , 522 Pa. 424, 433-34, 562 A.2d 307, 312 (1989). Given the tremendous hostility of the Court to sovereign immunity manifested in its decisions in Mayle v. Pennsylvania Department of Highways , 479 Pa. 384, 388 A.2d 709 (1978), and Ayala v. Philadelphia Board of Public Education, 453 Pa. 584, 305 A.2d 877 (1973), one might have thought that the Court would have cemented a contrary rule, at least in the absence of explicit legislative direction. But, again, we are where we are, and, from my point of view, the issue of whether the longstanding precedent should now be displaced should be left to the Legislature, consistent with stare decisis and governing principles of statutory construction.
Finally, I respectfully disagree that the Love Court's definition of operation is "untethered to the narrow question addressed" therein and, therefore, constitutes dicta. Concurring Opinion at 811 (Baer, J.). The central issue in Love --whether entering into or alighting from a motor vehicle constitutes operation--could not have been resolved without first defining the term "operation." See Seminole Tribe of Florida v. Florida , 517 U.S. 44, 67, 116 S.Ct. 1114, 1129, 134 L.Ed.2d 252 (1996) ("We adhere ... not to mere obiter dicta , but rather to the well-established rationale upon which the Court based the results of its earlier decisions. When an opinion issues ... it is not only the result but also those portions of the opinion necessary to that result by which we are bound."); accord Engweiler v. Persson , 354 Or. 549, 316 P.3d 264, 270 (2013) (declining to treat a court's prior construction of a term as dicta because it was a predicate to the ultimate resolution of that case); Bellar v. National Motor Fleets, Inc. , 224 Tenn. 63, 450 S.W.2d 312, 314 (1970) ("On principle and reason ... a case construing the particular words of a statute could hardly ever be dictum in a later case involving the *817 same statut[ory] language."). I fail to see how trial courts and intermediate courts are to differentiate between controlling precedent and dicta if the definition of a term that is essential to the resolution of a case is treated as dictum.
For the above reasons, I respectfully dissent.

The motor vehicle exception to the Tort Claims Act provides that "[t]he operation of any motor vehicle in the possession or control of the local agency" is an act that may result in the imposition of liability on a local agency. 42 Pa.C.S. § 8542(b)(1).

Additional Commonwealth Court cases following the dicta in Love include, among other decisions, Pennsylvania State Police v. Robinson , 123 Pa.Cmwlth. 401, 554 A.2d 172 (1989) (holding that a state police vehicle, temporarily parked in the passing lane of an interstate highway while the officer inside the vehicle investigated an accident, was not in operation at the time another vehicle struck a person obtaining flares from the police vehicle's trunk); First National Bank of Pennsylvania v. Department of Transportation , 148 Pa.Cmwlth. 158, 609 A.2d 911 (1992) (holding that a PennDOT truck not in motion, but rather parked on or near the berm of a road, with a PennDOT employee in the driver's seat and two others in the truck bed, the motor running, and the flashing lights activated, was not in operation at the time another vehicle collided with it); and Beitler v. City of Philadelphia , 738 A.2d 37 (Pa. Cmwlth 1999) (holding that a city police vehicle that was again not in motion, but was temporarily stopped in the lane of an expressway, with its motor running and roof lights activated by an officer-driver while he was assisting another motorist, was not in operation at the time another vehicle collided with it).

See Maj. Op. at 804-05 (excerpting and discussing the Love Court's reliance upon various dictionaries).