599 A.2d 259

Paula Jo LEHMAN, a minor, by her parents and natural guardians, Patricia M. LEHMAN and Willard Lehman, Patricia M. Lehman and Willard Lehman, individually, Appellants,

v.

COUNTY OF LEBANON, TRANSPORTATION AUTHORITY a/k/a Colt, Lebanon Coach Company, City of Lebanon, Lebanon School District, Commonwealth of Pennsylvania, Department of Transportation and Beth McKinney, Appellees.

Commonwealth Court of Pennsylvania.

Argued Sept. 10, 1991.

Decided Nov. 13, 1991.

Kenneth C. Sandoe, for appellants.

Timothy D. Sheffey, for appellees.

Before PALLADINO and McGINLEY, JJ., and SILVESTRI, Senior Judge.

PALLADINO, Judge.

In this personal injury action, appellants Paula Jo Lehman and her parents (collectively, the Lehmans) appeal an order of the Court of Common Pleas of Lebanon County (trial court) granting judgment on the pleadings in favor of appellee, County of Lebanon Transportation Authority (COLT).

The facts of this case, as alleged in the Lehmans' complaint, are as follows. On the morning of January 8, 1988, Paula Jo Lehman was being driven to school on a bus owned by COLT and operated by defendant Lebanon Coach Company. The route the bus travelled was allegedly established by COLT and appellees, Lebanon School District and Lebanon Coach Company.

The bus driver stopped the bus on Cornwall Road on the side of the street opposite the location of Paula Jo Lehman's school. Located near the unloading point was a sign that read "No Parking Here to Corner" allegedly erected by appellees, City of Lebanon and Lebanon School District.

Paula Jo alighted from the bus and began crossing the road to get to her school when a car driven by appellee, Beth McKinney, turned from a side street onto Cornwall Road and struck Paula Jo, pushing her and pinning her against the bus. Paula Jo was severely injured, her right leg requiring partial amputation.

Count I of the Lehmans' complaint for damages against COLT alleges:

38. [COLT], a common carrier, has waived immunity in exercising care, custody and control over the bus as aforesaid and breached its duty to the minor Plaintiff, Paula Jo Lehman, in that it:

(a) Established an unsafe bus route which required the minor Plaintiff, Paula Jo Lehman, and other [sic] similarly situated, to cross Cornwall Road, a busy, unsafe highway knowing that no crossing protection existed at said stop;

(b) Failed to establish a safe place for pick up, transportation and delivery of children, including the minor Plaintiff, Paula Jo Lehman, to school;

(c) Failed to discharge the minor Plaintiff, Paula Jo Lehman, and others similarly situated on school grounds off the busy aforesaid highway as had been done in the past;

(d) Failed to alert the City, Commonwealth and School District about the dangerous and unsafe loading and unloading zone established at the site of the accident and failing to relocate said zone until proper and adequate traffic and crossing controls could be implemented; and

(e) Failed to comply with applicable State and Federal law and regulations concerning proper identification of a school bus or a bus used primarily for school purposes.

The trial court granted judgment on the pleadings in favor of COLT[1] on the ground that it was immune under section 8541 of the act commonly called the Political Subdivision Tort Claims Act (Act), 42 Pa.C.S. § 8541.

The Lehmans appeal. The only issue presented for review is whether COLT lacks immunity because, under the facts as pleaded, which this court must accept as true,[2]

---

**1.** The status of Lebanon Coach Company, the City of Lebanon, Lebanon School District, the Commonwealth of Pennsylvania Department of Transportation, and Beth McKinney as defendants to the personal injury action of the Lehmans is not before us on this appeal.

**2.** *Capuzzi v. Heller*, 125 Pa.Commonwealth Ct. 678, 558 A.2d 596 (1989), *petition for allowance of appeal denied*, 523 Pa. 650, 567 A.2d 653.

either the motor vehicle or traffic control exception to immunity applies. *See* 42 Pa.C.S. § 8542(b)(1) and (4).[3]

## I. THE MOTOR VEHICLE EXCEPTION

Though section 8541 of the Act provides that local agencies are generally immune from liability in actions seeking damages, subsection 8542(b)(1) states liability may be imposed on a local agency when the agency is engaged in "[t]he operation of any motor vehicle." 42 Pa.C.S. § 8542(b)(1). The Lehmans argue that their averments, if proven, would make the motor vehicle exception applicable.

We disagree on the basis of *Love v. City of Philadelphia,* 518 Pa. 370, 543 A.2d 531 (1988). In *Love,* a woman was injured while alighting from a city-owned van. The court in *Love* concluded that the motor vehicle exception was inapplicable because "[g]etting into or alighting from a vehicle are merely acts ancillary to the actual operation of that vehicle." *Id.,* 518 Pa. at 375, 543 A.2d at 533. If, in the process of alighting from a vehicle, one cannot invoke the motor vehicle exception, then neither can a passenger such as Paula Jo Lehman, who has already alighted from a vehicle, and proceeded to cross the street toward her destination.

Reliance by the Lehmans on *Vogel v. Langer,* 131 Pa.Commonwealth Ct. 236, 569 A.2d 1047 (1990), is inapposite for two reasons. First, in that case, the bus driver used hand signals to communicate to another driver, thereby prompting the other driver to proceed into an area where his car was struck by another vehicle. The Lehmans have made no allegation of any similar signaling act by the bus

---

**3.** This court's scope of review of an entry of judgment on the pleadings is whether the lower court committed an error of law or abuse of discretion. *Agostine v. School District of Philadelphia,* 106 Pa.Commonwealth Ct. 492, 527 A.2d 193 (1987), *petition for allowance of appeal denied,* 517 Pa. 610, 536 A.2d 1334. Only where the court accepts the non-movant's well-pleaded facts as true and determines without doubt that under no circumstances could the non-movant prevail at trial should a judgment on the pleadings be granted. *Capuzzi.*

driver in this case.[4]

Second, *Vogel* involved "[t]emporarily stopping a vehicle and waving another motorist into an intersection," acts which are "normally related to the operation of a vehicle." *Id.*, 131 Pa.Commonwealth Ct. at 239, 569 A.2d at 1048. However, the Lehmans have alleged that the bus owned by COLT stopped, not because of traffic, but to discharge passengers. Under such circumstances, *Love* compels this court to conclude that Paula Jo's injury did not stem from the operation of the bus. The motor vehicle exception thus remains inapplicable.

## II.  THE TRAFFIC CONTROLS EXCEPTION

The Lehmans alternately argue that the traffic controls exception applies because COLT participated in the establishment of the bus routes and in so doing created an unsafe place to pick up and discharge passengers. They rely on a sign stating "No Parking Here to Corner" as the traffic control.[5]

An examination of the pleadings reveals that at no point do the Lehmans aver that COLT erected the "No Parking Here to Corner" sign, or maintained it, or participated in the establishment of it. Further, we note that the complaint contains no allegations that the "No Parking Here to Corner" designation was the proximate cause of the Paula Jo Lehman's injury.

Subsection 8542(a)(1) of the Act provides that in order to impose liability on a local agency, the damages sought must be recoverable under common law or a statute creating a

4.  Similarly, the reliance by the Lehmans on *Reilly by Reilly v. SEPTA*, 507 Pa. 204, 489 A.2d 1291 (1985), is also misplaced. There "the bus driver did, in fact, sound his horn and waved [the plaintiff pedestrian] across the street, in front of the bus and into the path of the oncoming vehicle...." *Id.*, 507 Pa. at 213, 489 A.2d at 1295. Again, the Lehmans have alleged no similar action on the part of the driver of COLT's bus. We note also that *Reilly* did not address the question of statutory immunity.

5.  Subsection 8542(b)(4) of the Act, 42 Pa.C.S. § 8542(b)(4), provides that the following act may result in the imposition of liability on a local agency: "A dangerous condition of trees, traffic signs, lights or other traffic controls, street lights or street lighting systems...."

cause of action if the injury were caused by a person not having available a defense of immunity. 42 Pa.C.S. § 8542(a)(1). While the complaint against COLT sounds in the common law cause of action of negligence, the complaint fails to plead that there existed a causal connection between the conduct of COLT with respect to the "No Parking Here to Corner" sign and the injury of Paula Jo Lehman. There is no allegation that the "No Parking Here to Corner" sign, cited by the Lehmans as a traffic control, in any way caused Paula Jo's injury. Accordingly, the traffic controls exception does not apply under the facts as pleaded.

Having concluded that no exception to the immunity of COLT applies under the allegations recited in the Lehmans' complaint, the order of the trial court granting judgment on the pleadings in favor of COLT is affirmed.

## ORDER

AND NOW, November 13, 1991, the order of the Court of Common Pleas of Lebanon County in the above-captioned matter is affirmed.