604 A.2d 1235

Jonalyn BRELISH, a Minor, by her parents and Natural Guardians, John and Carol BRELISH, Appellants,

v.

CLARKS GREEN BOROUGH, Abington School District and the Commonwealth of Pennsylvania, Department of Transportation and Linda Lou Brooks and John Brelish, Appellees.

Commonwealth Court of Pennsylvania.

Argued Dec. 19, 1991.

Decided March 6, 1992.

William T. Coleman, for appellants.

Lucille Marsh, for appellees.

Before CRAIG, President Judge, and McGINLEY, J., and BARBIERI, Senior Judge.

CRAIG, President Judge.

Jonalyn Brelish, a minor, appeals an order of the Court of Common Pleas of Lackawanna County granting Abington School District's motion for judgment on the pleadings on the ground of immunity from tort liability. We affirm.

The facts of this case, as disclosed in the pleadings, are as follows. On February 16, 1989, Brelish was injured when she was struck by a car as she attempted to cross State Route 4021, in Clarks Green Borough, to get to her school bus stop.

Brelish's parents filed suit on her behalf against the school district, alleging that it was negligent in establishing the school bus stop location. The district filed a motion for judgment on the pleadings, arguing that it was immune from liability under section 8541 of the Judicial Code (formerly known as the Political Subdivision Tort Claims Act), 42 Pa.C.S. § 8541. The trial court granted the district's motion.[1]

On appeal, Brelish argues that the district is not immune from liability, because the motor vehicle exception

---

1. Our scope of review of an entry of judgment on the pleadings is whether the lower court committed an error of law or abuse of discretion. *Agostine v. School District of Philadelphia*, 106 Pa.Commonwealth Ct. 492, 527 A.2d 193 (1987), *appeal denied*, 517 Pa. 610, 536 A.2d 1334 (1987).

to immunity, found in section 8542(b)(1) of the Code, 42 Pa.C.S. § 8542(b)(1), applies.[2]

Section 8542(b)(1) provides:

(b) Acts which may impose liability.—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

(1) Vehicle liability.—The operation of any motor vehicle in the possession or control of the local agency.

Brelish relies upon this court's holding in *Vogle v. Langer*, 131 Pa.Commonwealth Ct. 236, 569 A.2d 1047 (1990). In *Vogle*, this court held that the motor vehicle exception to immunity applied where a bus driver used hand signals to communicate to another driver, thereby prompting the other driver to proceed into an area where his car was struck by another vehicle. Brelish contends that the location of the school bus stop by the district is also an act "normally related to the operation of a vehicle." *Id.*, 131 Pa.Commonwealth Ct. at 239, 569 A.2d at 1048.

However, in *Lehman v. County of Lebanon Transportation Authority*, 143 Pa.Commonwealth Ct. 416, 599 A.2d 259 (1991) (reported after the briefs were filed in this case), the appellant, who was struck by a car after stepping off a school bus owned by the authority, brought suit against the authority alleging that it established an unsafe bus route and failed to establish a safe place for pickup and delivery of school children.

In *Lehman*, this court relied on our Supreme Court's decision in *Love v. City of Philadelphia*, 518 Pa. 370, 543 A.2d 531 (1988), and affirmed the trial court's granting of judgment on the pleadings in favor of the authority. In *Love*, a passenger was injured while alighting from a city-owned van. The court held that the motor vehicle exception was inapplicable because "[g]etting into or alighting from a

2. This court must accept the pleaded facts as true. *Capuzzi v. Heller*, 125 Pa.Commonwealth Ct. 678, 558 A.2d 596 (1989), *appeal denied*, 523 Pa. 650, 567 A.2d 653 (1989).

vehicle are merely acts ancillary to the actual operation of that vehicle." *Id.*, 518 Pa. at 375, 543 A.2d at 533.

In *Lehman,* this court stated that

[i]f, in the process of alighting from a vehicle, one cannot invoke the motor vehicle exception, then neither can a passenger such as [Lehman], who has already alighted from a vehicle, and proceeded across the street toward her destination.

In this case, Brelish was not a passenger on the school bus before she was struck by the car. If, as in both *Love* and *Lehman,* a transportation agency is not liable under the motor vehicle exception when the plaintiff has alighted from the vehicle, the district in this case similarly cannot be liable under the exception where Brelish was not yet a passenger on the bus, but was only proceeding across the street toward the bus stop.

Accordingly, we affirm the trial court's granting judgment on the pleadings in favor of the authority.

## ORDER

Now, March 6, 1992, the order of the Court of Common Pleas of Lackawanna County, No. 89–Civil–4307, is affirmed.