**Alan FOX, Appellant,**

v.

**POCONO SPRINGS CIVIC
ASSOCIATION, INC.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 10, 1997.

Decided June 10, 1997.

Randolph T. Borden, Hawley, for appellant.

Howard C. Terreri, Scranton, for appellee.

Before COLINS, President Judge, SMITH, J., and SILVESTRI, Senior Judge.

COLINS, President Judge.

The matter before the Court is limited to the pleadings and the procedural rules by which they are governed. It comes to this Court by way of an appeal filed by Alan Fox (Fox or appellant). Fox appeals the order of the Court of Common Pleas of the 22nd Judicial District, Wayne County, granting the Motion of Pocono Springs Civic Association (appellee) for Judgment on the Pleadings or in the alternative a Motion for Summary Judgment. Appellant's complaint sought to have the trial court declare that appellant was not the owner of certain real property located within the Pocono Springs Development. We affirm.

The pleadings filed with the court of common pleas are as follows:

| | |
|---|---|
| January 2, 1996 | Fox filed Complaint |
| February 14, 1996 | Pocono Springs filed an Answer & New Matter with a Notice to Plead |
| May 24, 1996 | Pocono Springs filed Motion for Judgment on the Pleadings or in the alternative Summary Judgment |
| June 28, 1996 | Fox filed an Answer in Opposition to the Motions with Brief in Support thereof |
| June 28, 1996 | Pocono Springs filed a Brief in Support of its Motion for Judgment on the Pleadings or in the alternative Summary Judgment |

After the submission of briefs and oral argument, common pleas court, relying on *Edmond v. Southeastern Pennsylvania Transportation Authority*, 651 A.2d 645 (Pa. Cmwlth.1994), deemed admitted the averments set forth in appellee's new matter. Finding the averments were affirmative defenses authorizing judgment on the pleadings,[1] common pleas court granted the motion filed by appellee.[2] This appeal followed.

 In an appeal from a motion for judgment on pleadings, this Court's scope of review is limited to determining whether the lower court committed an error of law or an abuse of discretion. *Brelish v. Clarks Green Borough*, 146 Pa.Cmwlth. 232, 604 A.2d 1235, *petition for allowance of appeal denied*, 531 Pa. 656, 613 A.2d 561 (1992). In conducting its inquiry, the court should confine itself to the pleadings themselves and any documents or exhibits properly attached thereto.

 Appellant's sole argument is that the entry of judgment on pleadings was improper because appellee failed to file a notice of intention to take a default judgment. After reviewing appellant's argument in support of that position, and noting the absence of any authority for the position adopted, we conclude that appellant misconstrued the nature of the proceedings in common pleas court.

Default judgment is proper where a party fails to answer a pleading. Pa. R.C.P. No. 237.1. However, notice serves no purpose when a judgment is entered by the court. See Comments to Pa. R.C.P. No. 237.1.

When considering a motion for judgment on pleadings, Pa. R.C.P. No. 1034 (Rule 1034) must be consulted. Rule 1034 provides that upon the close of the pleadings any party may move for judgment on the pleadings; the court shall enter such judgment or order as shall be proper on the pleadings. Appellant received notice of the motion for judgment on pleadings, filed a brief in opposition to said motion, and was given opportunity to present oral argument on his opposition to the motion. Before this Court, appellant's only challenge to common pleas court's order was based on appellee's failure to file notice of entry of default judgment pursuant to Pa. R.C.P. No. 237.1. Said notice is not required; therefore, appellant's challenge has no merit.

Accordingly, the order of the Court of Common Pleas of the 22nd Judicial District, Wayne County, is affirmed.

### ORDER

AND NOW, this 10th day of June, 1997, the order of the Court of Common Pleas of Wayne County in the above-captioned matter is affirmed.

---

1. Failure of a party to answer New Matter permits trial court to treat averments contained therein as admitted and authorizes judgment on the pleadings. *Pisiechko v. Diaddorio*, 230 Pa.Super 295, 326 A.2d 608 (1974).

2. We note that on appeal appellant did not challenge this finding of common pleas court.