**Ernestine LEE**

v.

**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY**

No. Civ.A. 05–1658.

United States District Court, E.D. Pennsylvania.

Aug. 5, 2005.

William J. Faust, II, Philadelphia, PA, for Ernestine Lee.

Danielle Banks, Stradley, Ronon, Stevens & Young, LLP, Philadelphia, PA, for Southeastern Pennsylvania Transportation Authority.

## MEMORANDUM AND ORDER

MCLAUGHLIN, District Judge.

Plaintiff Ernestine Lee is an 84 year old woman who alleges that she was injured when she tried to board a bus operated by the defendant, the Southeastern Pennsylvania Transportation Authority ("SEPTA"). Ms. Lee alleges she was injured because the driver of the bus failed to employ a "mechanical lifting device" available to assist passengers who have difficulty boarding. Ms. Lee contends the failure to use the lifting device was a violation of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.;* a violation of her civil rights protected by 42 U.S.C. §§ 1983, 1985, 1986, and 1988; and an act of negligence and negligence per se under state law.

SEPTA has moved to dismiss the plaintiff's claims. For the reasons set out below, this Court will grant the motion and dismiss the plaintiff's Complaint. The Court, however, will grant the plaintiff leave to re-plead her ADA claim to comply with Fed.R.Civ.P. 8(a) and grant her leave to replead her claim under 42 U.S.C. § 1983 to the extent it seeks to vindicate rights under the ADA. The plaintiff may also re-plead her claim for attorneys fees for her § 1983 claim under 42 U.S.C. § 1988. All other claims will be dismissed with prejudice.

In considering a motion to dismiss a pleading under Fed.R.Civ.P. 12(b)(6), all of the factual allegations contained in the complaint must be taken as true and all reasonable inferences must be

drawn in the light most favorable to the non-moving party. *Bowley v. City of Uniontown Police Dept.*, 404 F.3d 783 (3d Cir.2005). A court may grant a motion to dismiss for failure to state a claim only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Gordon v. Wawa, Inc.* 388 F.3d 78, 80–81 (3d Cir.2004).

### I. *The ADA Claim*

■ The plaintiff's ADA claim is brought under Title II, which bars discrimination against the disabled in public accommodation. Under Title II, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The statute defines a "disability" as 1) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; 2) a record of such an impairment; or 3) being regarded as having such an impairment. 42 U.S.C. § 12102(2). To establish a disability under the ADA, the plaintiff "must show that she has an impairment; identify the life activity that she claims is limited by the impairment; and prove that the limitation is substantial." *Fiscus v. Wal-Mart Stores, Inc.*, 385 F.3d 378, 382 (3d Cir.2004).

■ Defendant SEPTA argues that the plaintiff's Complaint does not adequately allege that she is an "individual with a disability" entitled to bring a claim under the ADA. Federal Rule of Civil Procedure 8(a) requires that every complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A plaintiff is not, however, required to plead every element of her prima facie case. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–12, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). Instead, a plaintiff need plead only "the material points necessary to sustain recovery," such that the "facts as alleged, in addition to inferences drawn from those allegations, provide a basis for recovery." *Menkowitz v. Pottstown Mem'l Med. Ctr.*, 154 F.3d 113, 124 (3d Cir.1998).

■ Here, the plaintiff's Complaint fails to meet this unexacting standard. The Complaint does not contain sufficient factual allegations to provide a basis for finding that the plaintiff has a "disability" under the ADA. The only factual allegations in the plaintiff's Complaint concerning her disability are that she was 83 years old at the time of her injury and that she was unable to board the SEPTA bus at issue without the use of the lifting mechanism.[1] Complaint at 1, ¶ 5, ¶ 7. The Complaint contains no other details about the plaintiff's physical or mental condition. The plaintiff does not explain what her disability is, apart from her age, or state that she is limited in her life activities in any way, except in her alleged need for assistance in boarding the defendant's bus.

---

1. The plaintiff makes an additional factual allegation in her response to the defendant's motion, stating that she walks with a cane. Memorandum of Law in Support of Response of Plaintiff Ernestine Lee to Motion for Dismissal Pursuant to F.R.C.P. 12(b)(6) ("Response") at 4. There is no mention of the plaintiff's cane in her Complaint, however, and this supplemental allegation cannot properly be considered in evaluating this motion to dismiss. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir.1997). Even were this fact to be considered, the plaintiff's ADA claim would still be insufficient to survive the defendant's motion to dismiss because it would still fail to identify the plaintiff's impairment or to identify any life activity limited by that impairment.

These minimal allegations are insufficient to support an ADA claim. Giving the plaintiff the benefit of every reasonable inference, the statement that the plaintiff needed assistance in boarding a bus could generously be interpreted as an allegation that the plaintiff is limited in her mobility. But even with the benefit of this inference, the plaintiff's pleadings give no information about any specific impairment suffered by the plaintiff or whether any of her life activities are limited by that impairment. Without this information, the plaintiff's pleadings do not give the defendant "fair notice of what the defendant's claim is," as required by Fed.R.Civ.P. 8(a). *Conley*, 355 U.S. at 41, 78 S.Ct. 99.

The plaintiff suggests that the references in her Complaint to being 83 years old adequately allege a "disability" under the ADA.[2] Age alone, however, is not a disability for purposes of the ADA. Although many octogenarians do suffer from physical or mental impairments that limit one or more of their major life activities and are therefore "individuals with disabilities" as defined by the ADA, others remain physically and mentally healthy well into their ninth or tenth decade. The fact that the plaintiff was 83 years old at the time of the events in question tells the defendant nothing about the plaintiff's physical or mental condition and fails to give the defendant the required "fair notice" of the plaintiff's disability.

The plaintiff also suggests that, even if her pleadings do not adequately allege an actual impairment, she should be entitled to the inference that SEPTA regarded her as impaired. Such an inference, however, would be unreasonable here. The Complaint here contains no allegations suggesting that the plaintiff was regarded as disabled, but instead consistently alleges that the plaintiff was, in fact, disabled. There is, therefore, no basis to construe the pleadings as the plaintiff requests. In addition, the plaintiff's requested inference is inconsistent with the rest of her allegations. The essence of the plaintiff's claim here is that she was injured when the defendant's bus driver *failed* to regard her as having a disability and therefore failed to operate the lifting device intended to help people with disabilities board the bus.

Although the plaintiff has failed to plead her ADA claim with sufficient specificity, she will be granted leave to re-plead that claim in an amended complaint. Where a claim is dismissed for failure to state a claim, leave to amend should be granted unless the Court finds "bad faith, undue, delay, prejudice, or futility." *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir.2004). Here, the plaintiff may be able to cure the defects identified in her ADA claim with more detailed pleading. Accordingly, the Court will grant the plaintiff leave to amend her Complaint to identify the specific impairment she allegedly suffers from

2. The plaintiff also argues that she, and all persons over the age of 65, "should not be required" to "prove that they are disabled" in order to state a claim under the ADA. Response at 5. The plaintiff bases this novel claim on Social Security regulations, which provide that the disability benefits available to eligible people under retirement age are to be treated as "old-age benefits" once an eligible person reaches retirement age. 20 C.F.R. § 404.310 (2005). The plaintiff argues that because persons over 65 need not prove dis-

ability to receive Social Security benefits, persons over 65 should not need to prove disability to recover under the ADA.

The plaintiff's argument is incorrect for numerous reasons, not least of which is that it contradicts the plain text of the ADA, which provides a cause of action for discrimination in public accommodations only to "qualified individuals with a disability," with no exception for individuals of a particular age. 42 U.S.C. § 12132.

and the life activity that that impairment allegedly limits.

## II. *The Civil Rights Claims*

The plaintiff's Complaint also alleges that the defendant violated the plaintiff's civil rights, bringing claims for violations of 42 U.S.C. §§ 1983, 1985, 1986, and 1988 (Counts I, V, and VI). These counts will be dismissed for failure to state a claim.

The plaintiff's claim under 42 U.S.C. § 1983 alleges that the defendant "negligently failed to instruct, supervise, control and/or discipline its employees" to refrain from failing to use their buses' lifting devices for disabled persons or otherwise depriving disabled persons of their access to public transportation. Complaint ¶ 15. The plaintiff contends her § 1983 claim seeks to vindicate her right of access guaranteed by the ADA and by "statutes and ordinances of the Commonwealth of Pennsylvania." Complaint ¶ 17.

■ To state a claim under § 1983 the plaintiff must show that the defendant acted under color of law and that its actions deprived her of rights secured by the Constitution or federal statutes. *Anderson v. Davila*, 125 F.3d 148, 159 (3d Cir.1997).

■ The defendant correctly argues that the plaintiff has failed to properly plead deprivations of rights to which she is entitled under the Constitution or federal statutes. To the extent the plaintiff's § 1983 claim seeks to vindicate her rights under the ADA, it fails because, as discussed above, the plaintiff has failed to adequately allege that she has a "disability" and is entitled to coverage under the statute. To the extent the plaintiff is

seeking to vindicate rights under state statutes and ordinances, her § 1983 claim fails because "[v]iolations of state law ... are insufficient to state a claim under § 1983." *Giuffre v. Bissell*, 31 F.3d 1241, 1257 (3d Cir.1994).

■ Because the Court is granting the plaintiff leave to re-plead her ADA claim to attempt to adequately allege "disability," the Court will also permit an amendment to re-plead the § 1983 claim to the extent it seeks to vindicate rights under the ADA. The plaintiff may also re-plead her claim for attorneys fees under 42 U.S.C. § 1988.

■ The plaintiff's Complaint also brings claims under §§ 1985 and 1986. Section 1985 imposes liability for private conspiracies motivated by a class-based, invidiously discriminatory animus to deprive persons of a right or privilege of the United States. *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir.1997).[3] Section 1986 is derivative of section 1985 and imposes liability upon those who have knowledge of a § 1985 conspiracy and "having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do." 42 U.S.C. § 1986.

■ Here, the plaintiff has failed to allege the first element of a § 1985 claim, the existence of a conspiracy. The only allegations in support of the § 1985 claim are that SEPTA had a policy of inadequately investigating complaints by the disabled and of inadequately supervising and training its vehicle operators and that, as a result of these policies, "SEPTA and its vehicle operators" believed their actions

---

**3.** Although the plaintiff's complaint does not specify which subsection of § 1985 she is suing under, the only subsection applicable to the facts she alleges is § 1985(3). To state a claim under § 1985(3), a plaintiff must allege "(1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons [of] the equal protection of the laws; (3) an act in furtherance of the conspiracy, and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States." *Lake*, 112 F.3d at 685 (citations omitted).

would not be monitored or their misconduct toward the disabled investigated. Complaint ¶¶ 39–41. The plaintiff also alleges that these alleged policies show deliberate indifference on the part of "policymakers" at SEPTA. Complaint ¶ 42. Nothing in the Complaint alleges the existence of an agreement between anyone for any purpose. Moreover, even if the plaintiff had alleged an agreement, the only entities mentioned in these paragraphs are SEPTA, its vehicle operators, and SEPTA policy makers. An employer and its officers and employees acting in the scope of their duties constitute one legal person for purposes of conspiracy law, and therefore cannot conspire together. *Robison v. Canterbury Village, Inc.*, 848 F.2d 424, 431 (3d Cir.1988).

Because the plaintiff has failed to allege the existence of any conspiracy, her § 1985 claim must be dismissed. In addition, because the plaintiff has not suggested the existence of an agreement between the defendant and any other person, or identified any entity that could have conspired with the defendant, the Court believes that any attempt to re-plead the plaintiff's § 1985 claim would be futile. The claim, therefore, will be dismissed with prejudice.[4]

As a § 1986 claim is predicated on a valid § 1985 claim, the dismissal with prejudice of the plaintiff's § 1985 claim requires a similar dismissal of the § 1986 claim. *See Grimes v. Smith*, 776 F.2d 1359, 1363 n. 4 (7th Cir.1985).

4. The defendant also contends that the plaintiff has failed to adequately allege the class-based animus required for a § 1985 claim. As the Court has found the plaintiff cannot allege a conspiracy and dismissed the claim with prejudice, the Court will not reach this issue.

5. In its motion to dismiss, the defendant has raised the issue of sovereign immunity only

### III. *The State Law Claims*

The plaintiff's Complaint also contains state law claims of negligence and negligence per se. These claims must be dismissed on sovereign immunity grounds.[5]

■■■ Pennsylvania and its officials and employees acting within the scope of their employment enjoy sovereign immunity from suits under state law unless that immunity is specifically waived. 1 Pa. C.S.A. § 2310; 42 Pa.C.S. § 8521(b). Under Pennsylvania law, defendant SEPTA is a Commonwealth agency entitled to sovereign immunity. *Toombs v. Manning*, 835 F.2d 453 (3d Cir.1987); *Jones v. Southeastern Pa. Transp. Auth.*, 565 Pa. 211, 772 A.2d 435 (2001).

The scope of Pennsylvania's waiver of its sovereign immunity is set out in 42 Pa.C.S. § 8522. That statute sets out nine exceptions to sovereign immunity, of which only one, the "motor vehicle" exception, is at issue here. That exception waives sovereign immunity for liability for "[t]he operation of any motor vehicle in the possession or control of a Commonwealth party." *Id.* § 8522(b)(1).

■■■■ Because the scope of the Commonwealth's waiver is a question of state law, this Court is required to "apply existing state law as interpreted by the state's highest court." *Koppers Co., Inc. v. Aetna Cas. and Sur. Co.*, 98 F.3d 1440, 1445 (3d Cir.1996). The Pennsylvania Supreme Court has addressed the scope of the motor vehicle exception in several decisions and has consistently held that the excep-

with respect to the plaintiff's state law claims. The plaintiff's response, however, argues that sovereign immunity does not apply because Congress expressly abrogated the states' sovereign immunity to ADA claims. Response at 6. As the defendant has not moved to dismiss the ADA claims on sovereign immunity grounds, the plaintiff's argument is misplaced.

tion for the "operation" of a motor vehicle, including a passenger bus, pertains only to actions taken while the vehicle is in motion and does not refer to the loading and unloading of passengers. *White v. School District of Philadelphia*, 553 Pa. 214, 718 A.2d 778 (1998); *Love v. City of Philadelphia*, 518 Pa. 370, 375–76, 543 A.2d 531, 533 (1988).

In *Love*, the Pennsylvania Supreme Court considered the application of the motor vehicle exception to a suit brought by an elderly woman who fell when exiting from a van operated by the City of Philadelphia to transport passengers to and from an adult care center. *Id.*, 518 Pa. at 372, 543 A.2d at 531. Construing the term "in operation" according to its "common and approved usage," the court held that a vehicle was in operation only when it was "put in motion" and that "[m]erely preparing to operate a vehicle or acts taken at the cessation of operating a vehicle" did not constitute "operation." *Id.* 518 Pa. at 375, 543 A.2d at 533. Applying this construction to the plaintiff's case, the court held that "[g]etting into or alighting from a vehicle are merely acts ancillary to the actual operation of that vehicle" and therefore the motor vehicle exception did not apply. *Id.*

Because the vehicle in *Love* traveled a point-to-point route from the passenger's home to her destination, it had come to the end of its planned route and had parked when the plaintiff exited the vehicle. The *Love* decision, therefore, left open the possibility that the motor vehicle exception might still apply in situations like this one where someone is injured entering or leaving a vehicle that had only stopped temporarily to take on and discharge passengers. One subsequent decision of the Pennsylvania Commonwealth Court appeared to make this distinction, holding that a passenger bus was still "in operation" when it was stopped in traffic and the driver

waived to another car to pass, allegedly causing an accident. *Vogel v. Langer*, 131 Pa.Cmwlth. 236, 239, 569 A.2d 1047, 1048 (1990).

Subsequent decisions of the Pennsylvania Supreme Court, however, have made clear that the motor vehicle exception does not apply to vehicles temporarily stopped to take on or discharge passengers. In *White v. School District of Philadelphia*, the court held the exception did not apply to a claim by a child injured when he exited a school bus and was waived across by the driver into the path of oncoming traffic. The Pennsylvania Supreme Court distinguished *Vogel* on the ground that the driver's hand signal in *White* occurred after the plaintiff had left the bus and therefore was not part of the operation of the vehicle. *Id.*, 553 Pa. at 220–21, 718 A.2d at 781–82.

In reaching this conclusion, the *White* court reviewed and approved the reasoning of a line of intermediate appellate court decisions that had interpreted *Love* as requiring that "an act causing movement of the vehicle or a part [of the vehicle] [be] directly connected with the injury at issue" for the motor vehicle exception to apply. *Id.*, 553 Pa. at 219, 718 A.2d at 780, citing *Sonnenberg v. Erie Metro. Transit Auth.*, 137 Pa.Cmwlth. 533, 586 A.2d 1026 (1991); *see also Warrick v. Pro Cor Ambulance*, 559 Pa. 44, 739 A.2d 127 (1999), aff'g without opinion, 709 A.2d 422 (Pa.Cmwlth. 1998).

In *Warrick*, the Pennsylvania Supreme Court affirmed, without opinion but over a lengthy dissent, a Commonwealth Court decision finding that the motor vehicle exception did not apply to a suit alleging that a passenger bus negligently failed to stop at designated bus stop and discharged passengers into a dangerous intersection. The Commonwealth Court distinguished *Vogel* by holding that "unlike the tempo-

rary stop in *Vogel* which was attendant to traffic control, a temporary stop connected to the discharge of passengers is not part and parcel of the operation of a vehicle." *Id.,* 709 A.2d at 427.

Taken together, *Love, White,* and *Warrick,* indicate that the Pennsylvania Supreme Court would hold that the defendant's bus here was not "in operation" when it stopped to let the plaintiff on board. Numerous other intermediate Pennsylvania appellate courts have reached similar conclusions, at least one dismissing allegations identical to those here. *See Bottoms v. Southeastern Pa. Trans. Auth.,* 805 A.2d 47, 48 (Pa.Cmwlth. 2002) (holding claim that plaintiff was injured when SEPTA bus driver failed to employ a lifting device not within the motor vehicle exception and therefore barred by sovereign immunity); *Bazemore v. Southeastern Pa. Trans. Auth.,* 657 A.2d 1323, 1325–26 (Pa.Cmwlth.1995) (holding claims of passengers who tripped while boarding a bus outside the exception and barred by sovereign immunity).

As this Court is bound by the Pennsylvania Supreme Court's interpretation of Pennsylvania law, the Court finds that the defendant's vehicle was not "in operation" for purposes of Pennsylvania's motor vehicle exception to its sovereign immunity, and the exception does not apply.

The plaintiff has suggested that even if the bus itself was not "in operation," she still falls within the motor vehicle exception because that exception applies even if the vehicle as a whole is not moving, as long as the plaintiff's injuries are caused by a part of the vehicle that is moving. *See Sonnenberg* (holding that the claims of a passenger hit by a bus's doors while exiting fell within the motor vehicle exception because the doors were moving). Here, however, there is no allegation in the plaintiff's Complaint that she was injured from the motion of any part of the SEPTA bus. To the contrary, the plaintiff's allegation is that she was injured by the *lack* of movement of a part of the bus, the failure to deploy the bus's lifting device. The motor vehicle exception, therefore, does not apply here and the plaintiff's state law claims are barred by sovereign immunity.

## IV. *The Punitive Damage Claim*

 Finally, the defendant seeks to dismiss the plaintiff's claim for punitive damages. The Court need not address the issue of punitive damages for those substantive claims dismissed with prejudice. Of the two remaining claims that will be dismissed with leave to re-plead, neither plaintiff's ADA claim nor her § 1983 claim will support an award of punitive damages in this case. Punitive damages may not be awarded for any private claims brought under Title II of the ADA, 42 U.S.C. § 12132. *Barnes v. Gorman,* 536 U.S. 181, 189–90, 122 S.Ct. 2097, 153 L.Ed.2d 230 (2002). Punitive damages may not be awarded against SEPTA or other government entities under § 1983. *Bolden v. Southeastern Pa. Trans. Auth.,* 953 F.2d 807, 829–31 (3d Cir.1991). Accordingly, plaintiff's claims for punitive damages on the remaining claims of the Complaint will be stricken.

An appropriate Order follows

### ORDER

AND NOW, this 5th day of August, 2005, upon consideration of Defendant's Motion to Dismiss Plaintiff's Complaint (Docket No. 2), and the plaintiff's response thereto, it is hereby ORDERED that the Motion is GRANTED.

1. Count I (42 U.S.C. § 1983), to the extent it seeks to vindicate the plaintiff's rights under statutes and ordinances of the Commonwealth of Pennsylvania, and Counts III (Negligence Per Se Pursuant

to State Law), IV (Negligence), and V (42 U.S.C. § 1983, § 1985, § 1986), in their entirety, are DISMISSED WITH PREJUDICE.

2. Count I (42 U.S.C. § 1983), to the extent it seeks to vindicate the plaintiff's rights under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, and Counts II (Title II of the ADA) and VI (42 U.S.C. § 1988), in their entirety, are DISMISSED WITHOUT PREJUDICE.

3. The plaintiff's claim for punitive damages is stricken.

4. The plaintiff may file an amended complaint to re-plead in accordance with this Order and Opinion on or before September 4, 2005.