IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Antonio Rosario,               :
             Appellant        :
                                :
        v.                   :    No. 721 C.D. 2023
                                :
PA Department of Corrections  :    Submitted: November 7, 2024

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE STACY WALLACE, Judge
                HONORABLE MARY HANNAH LEAVITT, Senior Judge

## *OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                FILED: December 27, 2024

Antonio Rosario (Appellant), *pro se*, appeals from the May 30, 2023 order of the Court of Common Pleas of Clearfield County (trial court), which granted the Pennsylvania Department of Corrections' (DOC) Motion for Judgment on the Pleadings and dismissed Appellant's action against DOC. Upon review, we affirm.

Appellant is currently incarcerated at the State Correctional Institution at Houtzdale (SCI-Houtzdale). Since November 2019, Appellant's family has ordered books on his behalf from Amazon. Appellant alleged that he did not receive four of the books and some books arrived with posters missing. Appellant filed several grievances about the books and posters he did not receive. His grievances were denied, and his subsequent administrative appeals were unsuccessful.

On August 11, 2020, Appellant filed a petition for review in this Court's original jurisdiction, seeking reimbursement in the amount of $145.12 for books he had to re-order. DOC filed an answer, with new matter and a notice to plead, describing in 17 paragraphs numbered 14 through 30, DOC's security and delivery policies, procedures for receiving and distributing publications received from the Security Processing Center (SPC), and the history of Appellant's grievances and appeals, and averring that the books and posters at issue were, in fact, delivered to Appellant and that Appellant's claims were barred by sovereign immunity. (DOC's Answer & New Matter, 10/21/20.) DOC attached to its new matter an exhibit which showed that the first set of books ordered by Appellant was received at the SPC on December 19, 2019, and the second set was received on February 6, 2020. DOC averred that "[a]ccording to the SPC tracking log, several items were received for [Appellant] in December of 2019"; that "[o]n December 19, 2019, several books arrived at the mailroom at SCI-Houtzdale, where they were processed and sent to [Appellant's] housing unit for distribution"; that "[a]ll books shipped to the housing units were delivered to the inmates"; that "SPC staff do not remove posters from books that are delivered to the center from vendors"; that "[m]ailroom staff at SCI-Houtzdale also do not remove posters from books received from the SPC"; and that "[Appellant's] personal property, including any books ordered or sent to him, was handled prudently and in accordance with [DOC] policy" and that his "dispute is with the publisher of the books in question and not with [DOC]." (DOC's New Matter, ¶¶ 16, 19, 23-24.)

Appellant filed a response to new matter in which he, in 10 paragraphs, numbered 1 through 10, challenged the grievance procedure, in particular his inability to call witnesses and raised legal arguments to support his claims but failed to answer/deny each of the averments laid out in DOC's new matter. Specifically, he

2

demanded proof that the SPC sent the books to SCI-Houtzdale, and asserted that his witnesses would have testified that the books were not delivered to him and that the grievance procedure was inadequate. Thereafter, on September 21, 2021, DOC filed a motion for judgment on the pleadings, arguing that Appellant's failure to respond to the factual averments contained in the new matter resulted in admissions. Appellant did not file a response to the motion for judgment on the pleadings. DOC filed a brief in support of its motion for judgment on the pleadings on December 15, 2021.

On November 29, 2022, this Court *sua sponte* transferred the matter to the trial court for disposition because we lacked original jurisdiction over Appellant's claims. *Rosario v. Pennsylvania Department of Corrections* (Pa. Cmwlth., No. 474 M.D. 2020, filed November 29, 2022).

Subsequent to transfer, the trial court granted DOC's motion for judgment on the pleadings and dismissed the case. The trial court found that Appellant's failure to properly respond to the averments in DOC's new matter resulted in his deemed admissions to the majority of the facts by DOC. It concluded that in light of the admissions of Appellant, it had no choice but to find that there are no genuine issues of material fact and that DOC was entitled to relief as a matter of law. The trial court also explained, in the alternative, in relation to Appellant's claim that he did not receive the books, that DOC's exhibit attached to its new matter showed that the two sets of books ordered by Appellant were received at the SPC. The first set was received on December 19, 2019, and the second set was received on February 6, 2020. The trial court noted that this supports DOC's argument that the holiday season caused a backlog in the shipping. It also supported the fact that the books were not lost or damaged by DOC, but simply late from Amazon. (Trial Ct. Op. at 2-3.)

3

Appellant now appeals.[1]  He raises four arguments in his statement of questions presented: (1) that he, as an incarcerated person, has a right to possess property that is not contraband; (2) that his property is protected by the United States Constitution while he is incarcerated; (3) that the trial court erred in dismissing his claims for relief based on a misinterpretation of the evidence; and (4) that this Court should remand to the trial court for indemnification.

At the outset, we note that none of the issues raised nor any of the arguments made in Appellant's brief address the reason why the trial court granted DOC's motion for judgment on the pleadings and dismissed his claims, which was his failure to respond to the well-pleaded factual averments contained in DOC's new matter.

Rule 1034 of the Pennsylvania Rules of Civil Procedure (Pa.R.Civ.P.), relating to motions for judgment on the pleadings, reads in part as follows:

> (a) After the relevant pleadings are closed, but within such time as not to unreasonably delay the trial, any party may move for judgment on the pleadings.

> (b) The court shall enter such judgment order as shall be proper on the pleadings.

Pa.R.Civ.P. 1034(a), (b).  A motion for judgment on the pleadings is in the nature of a demurrer in which all the non-moving party's well-pleaded allegations are viewed as true, but only those facts specifically admitted by the non-movant may be considered against him.  Such a motion may only be sustained in cases where no material facts are

---

[1] This Court may sustain the trial court's grant of judgment on the pleadings only where the moving party's right to succeed is certain and the case is so free from doubt that trial would be a fruitless exercise.  *Hartman v. City of Allentown*, 880 A.2d 737, 741 (Pa. Cmwlth. 2005).  Our standard of review is whether the trial court committed an error of law or abused its discretion.  *Id.* We may consider only the pleadings, admissions and any documents properly attached to the pleadings presented by the party against whom the motion is filed.  *Id.*

4

at issue and the law is so clear that a trial would be a fruitless exercise. *Ridge v. State Employees' Retirement Board*, 690 A.2d 1312, 1314 n.5 (Pa. Cmwlth. 1997); *Felli v. Department of Corrections*, 666 A.2d 775, 776 n. 2 (Pa. Cmwlth. 1995). Neither party can be deemed to have admitted either conclusions of law or unjustifiable inferences. *Kelly v. Nationwide Insurance Co.*, 606 A.2d 470, 471 (Pa. Super. 1992); *Sinn v. Burd*, 404 A.2d 672, 674 (Pa. 1979). Moreover, in conducting its inquiry, the court should confine itself to the pleadings themselves and any documents or exhibits properly attached to them. *Kelly*, 606 A.2d at 471; *Jones v. Travelers Insurance Co.*, 514 A.2d 576, 578 (Pa. Super. 1986).

Under Pa.R.Civ.P. 1030, all affirmative defenses shall be pleaded in the form of a new matter. In addition, the defendant shall set forth in its new matter any other material facts that are not merely denials of the plaintiff's complaint. Under Pa.R.Civ.P. 1026, every pleading subsequent to the complaint shall be filed within 20 days after service of the preceding pleading. *Edmond v. Southeastern Pennsylvania Transportation Authority*, 651 A.2d 645, 646 n. 4 (Pa. Cmwlth. 1994). If the preceding pleading is endorsed with a notice to plead, the other party is required to respond to the pleading. Further, well-pleaded factual averments in a new matter are admitted when they are not specifically denied by the plaintiff. Pa.R.Civ.P. 1029(b);[2] *Edmond*, 651 A.2d at 646 n.4. *See also Cercone v. Cercone*, 386 A.2d 1, 4 (Pa. Super. 1978). Our courts have consistently held that the failure of a party to reply to new matter contained in an answer permits the trial court to treat the factual averments contained therein as admitted and authorizes judgment on the pleadings. *Fox v. Pocono Springs Civil*

---

[2] Pa.R.Civ.P. 1029(b) states in pertinent part: "(b) Averments in a pleading to which a responsive pleading is required **are admitted** when not denied specifically or by necessary implication. A general denial or a demand for proof, except as provided by subdivisions (c) and (e) of this rule, shall have the effect of an admission." (Emphasis added.)

5

*Association, Inc.*, 695 A.2d 484, 485 n.1 (Pa. Cmwlth. 1997); *Pisiechko v. Diaddorio*, 326 A.2d 608, 611 (Pa. Super. 1974) (by failing to answer to new matter, averments were treated as admitted; judgment on the pleadings entered in favor of the defendant).

Here, by failing to admit or deny the factual averments contained in Paragraphs 14 through 30 of DOC's new matter, Appellant has admitted that all books and posters shipped to Appellant were eventually received by him. He has also admitted that DOC handled Appellant's personal property prudently and in accordance with DOC policy. He also admitted that his dispute is with the publisher of the books in question and not with DOC. He also admitted to the authenticity of the exhibits attached to the new matter. This includes the mailroom book-tracking log, which shows that the books in question were received by Appellant on December 19, 2019, and then again on February 6, 2020. No material facts are left at issue. Based on Appellant's admissions, Appellant is unable to prove his claims, and DOC is entitled to judgment in its favor and against Appellant.

Accordingly, the order of the trial court is affirmed.


_____
PATRICIA A. McCULLOUGH, Judge

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Antonio Rosario,                          :
                        Appellant         :
                                          :
          v.                              :    No. 721 C.D. 2023
                                          :
PA Department of Corrections              :


## ***ORDER***


AND NOW, this 27th day of December, 2024, the May 30, 2023 order of the Court of Common Pleas of Clearfield County is hereby AFFIRMED.


_____
PATRICIA A. McCULLOUGH, Judge